Opinion by
Judge Rogers,
Pearl E. Hoffman, as executrix of the estate of Marvin E. Hoffman, deceased,[1] has appealed from an order of the Workmen’s Compensation Appeal Board sustaining a referee’s decision to grant Eastern Express, Inc.’s (Eastern) petition to terminate compensation payable to its employee Marvin E. Hoffman.
Mr. Hoffman fell and suffered head, neck and spinal injuries while at work for Eastern on April 29, 1973. During the course of hospital treatment he was examined by Dr. S. A. Tukanowicz, a neurosurgeon, who ordered diagnostic tests which revealed the presence of a malignant brain tumor.
Between May 7, 1973 and May 21, 1973, Mr. Hoffman received two weekly checks of $100 each as disability compensation from Eastern, a self-insurer. It is not clear whether these payments were made pursuant to a compensation agreement or a notice of compensation payable. See The Pennsylvania Workmen’s Compensation Act, Act of June 2, 1915, P.L. 736, §407, as amended, 77 P.S. §731 (Supp. 1974-1975). In either case, apparently without compliance with Section 408, as amended, 77 P.S. §732 (Supp. 1974-1975) or Section 434, as amended, 77 P.S. §1001 (Supp. 1974-1975), Eastern then stopped payments. In September 1973, Eastern filed a petition to terminate compensation alleging that Hoffman was no longer disabled due to injuries suffered in its employ. At the referee’s hearing held March 28, 1974, the only evidence produced by the employer was the testimony of Dr. Tukanowicz. The referee found that Hoffman’s disability relating to the accident ceased as of March 28, 1974, and that his disability after that date was the result of the natural progression of the brain tumor. He ordered com *614 pensation payments only for the period until March 28, 1974, granted the petition to terminate as of that date and assessed Eastern with interest and penalty[2] charges. The Workmen’s Compensation Appeal Board affirmed the referee’s award and the executrix has appealed.
The employer petitioning to terminate payments under a compensation agreement or a notice of compensation payable bears the burden of proving that the disability has temporarily or finally ceased or that the disability presently suffered by the claimant is no longer causally related to claimant’s accident. Section 413 of the Act, as amended, 77 P.S. §772 (Supp. 1974-1975); Tioga Textiles Association, Inc v. Workmen’s Compensation Appeal Board, 13 Pa. Commonwealth Ct. 492, 319 A.2d 211 (1974). The sole issue raised by appellant is that of whether Dr. Tukanowicz’s testimony was sufficient to carry Eastern’s burden.
The executrix advances two arguments'. First, she contends that Dr. Tukanowicz’s testimony that Hoffman’s continued disability resulted from the brain tumor and not the accident-related injuries does not meet the “clear and unequivocal” standard the law requires of medical testimony as to causation. See, e.g., Calcite Quarry Corporation v. Workmen’s Compensation Appeal Board, 14 Pa. Commonwealth Ct. 347, 322 A.2d 403 (1974). Having carefully reviewed Dr. Tukanowicz’s testimony in its entirety, we disagree. The doctor testified that there was no direct evidence that the head injury caused the development of the tumor. It was his opinion that, although the blow to the head had aggravated the tumor, the tumor was of a “progressive nature” and that its symptom would have rendered Hoffman unable to work within months after April 29, 1973, regardless of the accident. He further testified that it was very unlikely that the injuries sustained in the accident would render Mr. Hoff *615 man totally disabled on March 28, 1974, the date of the referee’s hearing.
Appellant additionally argues that, even if there was no causal connection between the accident and the onset of the disabling tumor, the evidence that the accident aggravated the preexisting condition of tumor is sufficient to sustain an award. However, the doctor’s testimony was that the admittedly aggravating effect of the accident only precipitated an occurrence of disability due to the brain tumor which would have occurred shortly thereafter in any case. Hence, the referee properly ordered benefits to continue to the date of the hearing, (“the date upon which it [was] shown that the [accident-related] disability of the injured employe [had] ... ceased,” Section 413 of the Act, as amended, 77 P.S. §772 (Supp. 1974-1975)), and correctly granted the petition to terminate as of that date. See cf. Ira Berger & Sons v. Workmen’s Compensation Appeal Board, 17 Pa. Commonwealth Ct. 370, 332 A.2d 562 (1975).
Order
And Now, this 11th day of June, 1975, judgment is hereby entered in favor of Eastern Express, Inc. on its petition to terminate compensation payments due Marvin E. Hoffman as of March 28, 1974. Eastern Express, Inc. is further ordered to make payments to Pearl E. Hoffman, Executrix of the Estate of Marvin E. Hoffman, at a rate of $100.00 per week for the period including April 29, 1973 to May 7, 1973, and May 22, 1973 to and including March 28, 1974, with interest at a rate of ten per cent (10%) per annum on the unpaid weekly installments from the due date thereof. In addition, Eastern Express, Inc. is ordered to pay Pearl E. Hoffman, Executrix of the Estate of Marvin E. Hoffman, a penalty of ten per cent (10 %) of the amount awarded and interest accrued as provided in Section 430(b) of the Act, as amended, 77 P.S. §971 (b) (Supp. 1974-1975), and Section 435 of the Act, added by the Act of February 8, 1972, P.L.-§3(d)(1), 77 P.S. §991(d)(1) (Supp. 1974-1975).

. Mr. Hoffman died on May 3, 1974.

. See Section 430 (b) of the Act, as amended, 77 P.S. §971 (b) (Supp. 1974-1975).