Joseph Fonte, Jr. *v.* Koppers Company, Inc. Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania. Koppers Company, Inc., Appellant.

Argued May 7, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*Robert C. Jones,* with him *Jones, Gregg, Creehan, and Gerace,* for appellant.

*Alexander J. Pentecost,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE WILKINSON, June 30, 1976:

This is an appeal from an award of compensation by the referee, affirmed by the Workmen's Compensation Appeal Board. The sole question, as posed in the appellant-employer's brief, is:

"Was the Referee's finding that the claimant was totally disabled supported by substantial competent evidence?"

We have carefully reviewed the record and must conclude in the affirmative.

No good purpose would be served by here listing the findings of fact and detailing the evidence which supports each. The Board in a well considered opinion has given the appellant-employer the specific evidence which it decided, and we concur, supports the referee's finding.

There was conflicting medical testimony. At least one doctor testified positively that he did not consider that the appellee-claimant had any disability resulting from the accident and characterized appellee-claimant as a "malingerer". On the other hand, another doctor testified that, while he could not say exactly what was causing the disability, he was positive there was total disability and that it resulted from the accident. When asked to explain this apparent inconsistency he stated that the disability might be from the knee "or the muscles surrounding the knee, the quadraceps. It might be in the muscles in the posterior aspect of his knee, his hamstring muscle."

The appellant-employer, while not stating it specifically in the question involved, attempts to eliminate much of the evidence which supports the findings as having been produced by the questions of at least an overly zealous, if not an outright prejudiced, referee. This would be improper. *See 1 A. Barbieri, Pennsylvania Workmen's Compensation and Occupational Disease,* §6.21 (12) (1975). We have read that part

of the record with particular care and, of course, are limited by the printed word and are without the benefit of inflections, expressions, etc. We do not find reversible error. The referee is entitled, and indeed bound, to attempt to bring out the truth. He is not a referee enforcing the rules of a match while two lawyers "slug it out," nor is he an interested spectator at the "rape of truth."

One of the critical instances of the referee asking questions ocurred at the conclusion of the testimony:

"REFEREE LAUGHLIN: Now, based on this, can you say with any reasonable medical certainty that the Claimant when you examined him on your last examination is disabled from turning to his former employment, his former work, and that that disability, that there is causation between that disability and the injury he sustained to his knee?

"THE WITNESS [medical doctor called by the appellee-claimant]: Would you read that back.

"REFEREE LAUGHLIN: Assuming that the Claimant when you last examined him was totally disabled from returning to his former occupation based on your examination, his subjective and objective findings and whatever other tests you performed, is the disability that you have testified to a result of the injury he sustained to his knee?

"MR. JONES [attorney for the appellant-employer]: I am going to object to that question at this point in that I think it is incorrectly phrased in that the doctor has already testified that based on his objective findings the man is not disabled to return, but on his subjective complaints he stated he is.

"MR. PENTECOST [attorney for the appellee-claimant]: In answer to that, the question encompasses both objective and subjective, and so I don't see there is any grounds for that objection, but it is noted on the record. The referee said objective and subjective.

"Mr. Jones: The question was phrased assuming that you found him disabled at your last visit based upon your objective and subjective findings.

"Mr. Pentecost: The doctor has testified he found him disabled on his last visit based upon subjective and objective findings.

"Mr. Jones: I believe he answered my question when he tried to separate the work that objectively he could go back to work.

"Mr. Pentecost: The question here is objective and subjective and the doctor said that based on his objective findings he couldn't go back—could go back to work, but based on his objective and subjective findings, he couldn't go back to work. It is on the record. It is a valid question.

"Mr. Jones: If you phrase it that way, okay.

"Mr. Pentecost: That is the way it is phrased.

"The Witness: Let me try to answer the question if I remember it.

" (Thereupon the previous question was read back twice by the reporter.)

"The Witness: I believe that it is.

"Referee Laughlin: Then it would be your opinion that it is, is that correct?

"The Witness: That's correct."

It is apparent that any objection to this critical questioning was withdrawn.

Accordingly, we enter the following

ORDER

Now, June 30, 1976, the order of the Workmen's Compensation Appeal Board, dated December 4, 1975, directing the appellant-employer, Koppers Company, Inc., self-insured, to pay the appellee-claimant compensation at the rate of $106 per week retroactive to April 22, 1974, continuing into the indefinite future until such time that disability changes in nature or extent or ceases and terminates, all within the meaning and provisions of The Pennsylvania Workmen's

Compensation Act, Act of June 2, 1915 P.L. 736, *as amended,* 77 P.S. §1 et seq., is affirmed.

Interest is payable on all deferred payments of compensation at the rate of ten percent per annum in accordance with Section 406.1 of the Act, 77 P.S. §717.1.

The appellant-employer is directed to pay all medical expenses incurred as a result of the October 27, 1973 injuries, including the following:

| | |
|---|---|
| St. Clair Memorial Hospital<br>1000 Bower Rd., Pittsburgh, Pa. 15243 | $39.00 |
| Nemani Orthopedic Association, Inc., Park Shopping Center, Monessen Pa. 15062 | 75.00 |
| Monongahela Valley Hospital Charleroi Division, North Charleroi, Pa. 15022 | 162.75 |
| Oakland Orthopedic Association 128 N. Crain Street, Pittsburgh, Pa. 15213 | 30.00 |
| Dr. G. H. Rittenhouse 604 Washington Avenue, Bridgeville, Pa. 15017 | 13.00 |

The appellant-employer is further directed to pay the following reasonable costs of prosecution:

| | |
|---|---|
| Dr. Samuel Sherman 3500 Fifth Avenue, Pittsburgh, Pa. 15213 | $200.00 |
| Dr. V. T. Worrall 128 N. Craig Street, Pittsburgh, Pa. 15213 | 300.00 |
| Anthony DeGenes 912 Union Trust Bldg., Pittsburgh, Pa. 15219 | 12.75 |
| Lisa J. Donovan 1504 State Office Building, Pittsburgh, Pa. 15222 | 68.50 |

354

The Prudential Insurance Company is granted subrogation rights in total amount of $2,184 representing 26 weeks of sick and accident benefits paid the appellee-claimant during the period from April 29, 1974 through October 27, 1974 at the rate of $84 per week.

Judge KRAMER did not participate in the decision in this case.