American Can Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Carol J. Hettler, Respondents.

Argued March 2, 1978, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Donald Van Gilder,* with him *Richard F. Stevens,* and *Butz, Hudders & Tallman,* for appellant.

*Philip D. Lauer,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE BLATT, August 9, 1978:

Carol J. Hettler (claimant) was employed by the American Can Company (employer) as a sorter-packer when she allegedly injured her back on November 27, 1972. She filed a claim petition for disability benefits, but, after a hearing, she was denied compensation. The referee found that she had failed to

prove either that her injury was work-related or that she had given timely notice of the injury to her employer. On appeal, the Workmen's Compensation Appeal Board (Board) set aside the referee's determination because he had himself called and conducted the direct examination of two witnesses and the claimant. The Board held such action to be improper, citing *Fonte v. Koppers Co., Inc.*, 25 Pa. Commonwealth Ct. 349, 360 A.2d 836 (1976), and remanded the case to a different referee for a new determination. The employer has now appealed the Board's remand order to us.

In most instances, an order of the Board remanding a case to a referee is interlocutory and an appeal to this Court from such an order will be quashed. *Gilroy v. Workmen's Compensation Appeal Board*, 32 Pa. Commonwealth Ct. 152, 377 A.2d 1302 (1977). There are, however, several exceptions to this general rule. An appeal will not be quashed if the Board had no jurisdiction to remand because the appeal to it was not timely, *Riley Stoker Corp. v. Workmen's Compensation Appeal Board*, 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973), or if there could be no result other than that reached by the referee on the basis of the record, *United Metal Fabricators, Inc. v. Zindash*, 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973). We will also allow an appeal from a remand order where the Board's action is based on a clear error of law which would necessitate prolonged and frivolous proceedings. *Flynn v. Asten Hill Manufacturing Co.*, 34 Pa. Commonwealth Ct. 218, 383 A.2d 255 (1978).

Here we believe that the Board committed an error of law when it determined that the referee had improperly called two witnesses and the claimant in order to elicit additional information and so the appeal need not be quashed. We have cautioned previ-

ously, of course, that a referee should not act in an overly zealous or prejudicial manner, but we have recognized that "[t]he referee is entitled, and indeed bound, to attempt to bring out the truth." *Fonte, supra,* 25 Pa. Commonwealth Ct. at 351, 360 A.2d at 837. The witnesses called by the referee in this case were asked questions relevant to the issue of whether or not the claimant had given notice of an injury to her employer, and we do not believe that the referee's questioning was either overly zealous or prejudicial. At any rate, no timely objection was made to calling either witness, and it is apparent from the record that counsel for both claimant and employer were given an opportunity to object to the form of the questions asked; indeed, counsel for the employer did object to at least two proposed questions.

While we are indeed cognizant of the need for a referee to preserve an aura of impartiality in conducting a hearing and while we fully realize that there may be circumstances in which a referee risks becoming an advocate by calling and examining witnesses, sua sponte, we do not find the referee's actions here to have been improper. We believe, therefore, that the Board erred in remanding the matter for determination by another referee.

We will reverse the order of the Board and remand the case to the Board for its consideration and determination of the claimant's specific exceptions to the referee's order.

ORDER

AND Now, this 9th day of August, 1978, the order of the Workmen's Compensation Appeal Board is hereby reversed and the case is remanded to the Board for consideration of the merits of the claimant's appeal.