Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Appellant *v.* County Commissioners of Susquehanna County, Appellee.

Argued April 6, 1979, before Judges CRUMLISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*Susan Shinkman,* with her *James L. Crawford,* for appellant.

*Robert J. Simmons,* with him *Stephen J. Cabot,* and *Pechner, Dorfman, Wolffe, Rounick & Cabot,* for appellee.

OPINION BY JUDGE CRAIG, August 15, 1979:

The Pennsylvania Labor Relations Board (PLRB) has appealed an order of the Court of Common Pleas of Susquehanna County which set aside an order of the PLRB certifying the Service Employees International Union, Local No. 406, as bargaining agent for employees of Susquehanna County under the county commissioners. We conclude that we must vacate the lower court's order and remand.

The PLRB conducted an election on May 19, 1977 which ended in a 9-9 tie on the question of union representation or not.

The union and appellee each challenged one ballot. The union sought to disqualify Evan Price, the county's chief clerk; the county commissioners tried to discount the ballot of Frances Cantone, a custodian.

The PLRB decided that Mr. Price was not eligible to vote and that Mrs. Cantone's ballot was proper. It accordingly ordered the certification of the union after denying appellee's exceptions.

For our decision, we must note two hearings in the history of this case.

On February 28, 1977, before the election, the PLRB, through a hearing examiner, conducted a hearing on the petitions for representation filed with the PLRB under Section 603(a) of the Public Employee Relations Act (PERA)[1] to determine the scope of the nascent bargaining unit.

On June 24, 1977, after the election, the PLRB, through the same hearing examiner, conducted another hearing to resolve the voting eligibility status of Price and Cantone and the respective challenges to their ballots.

The lower court's reversal of the PLRB's order rests on the alleged improper, capricious and arbitrary conduct of the hearing examiner at the two hearings.

Specifically, the court below sustained the employer's contentions that:

> The Pennsylvania Labor Relations Board erred by permitting its Hearing Examiner to give assurances to the employer, off the record, [at the February 28 hearing] that the ballot challenging procedure was the proper forum to determine their rights under the Act [PERA].
> The Pennsylvania Labor Relations Board erred by permitting its Hearing Examiner to badger

---

[1] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.603 (a).

and harass employer's witnesses at a hearing held on June 24, 1977.

The court below concluded in essence that the hearing officer had prejudged the case, having "already arrived at a position which he was seeking to justify in his conduct of this hearing."

At the February 28 hearing, the parties presented lists of employees. Both parties' lists included Mrs. Cantone. Apparently, although the parties disputed the eligibility of several employees at that hearing, the hearing examiner, off the record in informal discussion, told the employer representatives that a ballot could also be challenged at the time of the election.

The employer does not argue that the examiner incorrectly stated the law[2] but instead argues that, by waiting until the election to challenge Cantone's ballot, it was misled to its prejudice because the PLRB's ultimate decision regarding Cantone's eligibility rested on the "coincidental" fact that the election was held shortly before her resignation became effective.[3]

Even if we assume that the hearing examiner did make statements to the effect claimed,[4] his advice simply made clear that the employer had an option to challenge the ballot then, at the eligibility hearing, or at the time of the election, which it did.

The employer indicates that the chief disadvantage incurred was missing the possible delay of the election until after Mrs. Cantone's resignation became effective. Whether the election would have been de-

---

[2] The employer raised the validity of the ballot at the June 24 hearing.

[3] The commissioners had a letter of resignation from Cantone before the February 28 hearing, stating that she would resign, effective June 1, 1977.

[4] The transcript of June 24 hearing contains allusions to the advice given during informal discussions on February 28, but, of course, the precise statement is unavailable to us.

layed is speculative; even if we were to assume it would have been, we cannot consider missing a delay opportunity to be a prejudicial deprivation of a legal right.

We have carefully reviewed the transcript of the June 24 hearing, especially those portions on the basis of which the lower court concluded that the hearing examiner so badgered the witness Price as to reveal that "the examiner had already arrived at a position which he was seeking to justify. . . ."

We, as was the lower court, are limited to the cold words of print in reviewing this matter. However, we cannot agree with the court below, as a matter of law, in its conclusions concerning the examiner.

A hearing such as the June 24 hearing is not a purely adversary hearing. The PLRB's regulations in 34 Pa. Code §93.31 accordingly provide:

(e) The trial examiner shall see that a full inquiry is made into all the matters in issue and to obtain a complete record of all facts necessary for a fair determination of the issues by the Board.

(f) The trial examiner may do any of the following:

(1) Call and examine witnesses.

(2) Direct the production of papers or other matter present in the hearing room.

(3) Exclude irrelevant or immaterial testimony.

(4) Introduce documentary or other evidence.

(5) Take any action during the progress of a hearing which will properly effectuate the policy of the acts.

The legal question which determined Price's eligibility was whether or not, as chief clerk, he was a con-

fidential employee as defined in Section 301(13) of PERA, 43 P.S. §1101.301(13),[5] and therefore mandatorily excluded under Section 301(2) of PERA, 43 P.S. §1101.301(2). To decide this question the PLRB obviously needed a clear record of his duties, particularly as to personnel matters.

Here the examiner took an active role in examining Price, at times conducting cross-examination. However, the questioning was appropriate to develop the specific facts of Price's duties because the witness' answers were evasive at times, and full answers were reasonably required to decide the pivotal question involved.

As we have noted regarding workmen's compensation referees, "[t]he referee is entitled, and indeed bound, to attempt to bring out truth," as long as he is not overly zealous or does not appear biased. *Fonte v. Koppers Company, Inc.*, 25 Pa. Commonwealth Ct. 349, 360 A.2d 836 (1976). Our reading of the record convinces us that the examiner was vigorous in driving for specifics, but not to the point of being overzealous, badgering or reflecting bias.

Moreover, at no time did he cut short any of the examination of the witness by the employer's attorneys. In fact, at the conclusion of the examiner's questions, the employer's attorney conducted recross-examination of Price covering nearly seven pages of transcript and recalled County Commissioner Masters for more rebuttal. We find that the examiner allowed a full and fair hearing on June 24, 1977.

---

[5] That provision reads:

'Confidential employe' shall mean any employe who works: (i) in the personnel offices of a public employer and has access to information subject to use by the public employer in collective bargaining; or (ii) in a close continuing relationship with public officers of representatives associated with collective bargaining on behalf of the employer.

The parties have also raised several issues of substantive labor laws. However, the court below, because it decided that the PLRB had violated the employer's due process rights, never reached those issues. Therefore, we must remand this matter to give the court below the opportunity to decide the merits of the other errors alleged in the petition for review before it. We will enter an appropriate order.

### ORDER

AND Now, this 15th day of August, 1979, the order and decision of the Court of Common Pleas of Susquehanna County at No. 1978-7 sustaining the petition for review of the commissioners of Susquehanna County and setting aside the final order of the Pennsylvania Labor Relations Board at Case No. PERA-R-9345-C, is vacated and the record remanded to the Court of Common Pleas of Susquehanna County to decide the following exceptions raised by the aforesaid county commissioners:

(a) Whether the Pennsylvania Labor Relations Board erred by refusing to canvass the challenged ballot of Evan Price; and

(b) Whether the Pennsylvania Labor Relations Board erred by ordering that the challenged ballot of Frances Cantone be canvassed; and

(c) Whether the Pennsylvania Labor Relations Board erred by unilaterally and without notice changing the time for the canvass of such ballot; and

(d) Whether the Pennsylvania Labor Relations Board erred in concluding that Local 406 of the Service Employees International Union received a majority of the votes cast by the employer's employees, and should be certified as the bargaining representative of employer's employees.