John B. Cislo, Petitioner *v.* Johnstown Housing Authority, Respondent.

Argued December 7, 1979, before Judges WILKIN-SON, JR., ROGERS and CRAIG, sitting as a panel of three.

*Robert S. Glass* of *Glass, Glass and Dugas,* for appellant.

*David P. Andrews,* with him *James S. Routch,* of *Patterson, Evey, Routch, Black and Behrens,* for respondent.

OPINION BY JUDGE CRAIG, February 8, 1980:

Claimant John B. Cislo appeals from an order of the Workmen's Compensation Appeal Board which affirmed a referee's order terminating his workmen's compensation benefit payments.

Claimant, a maintenance worker for the Johnstown Housing Authority, suffered a fracture of the right

leg on June 24, 1976. The employer issued a notice of compensation payable and made payments through its insurance carrier. Employer filed a petition to terminate benefits in March, 1977, and, after hearing, the referee ordered the benefits terminated as of June 17, 1977 when, as the referee found, "the claimant's fracture was healed and his disability as the result of his compensable injury ended."

On appeal, claimant asserts that the referee erred as a matter of law in terminating benefits where complications resulting from the compensable injury persisted beyond the date on which the fracture had healed. Further, claimant asserts that the referee capriciously disregarded competent evidence of continuing disability relating from the compensable injury.

The difficulty in the present case arises from claimant's generally poor physical condition. Dr. Bradley, claimant's medical expert, testified that he had been treating claimant since December of 1972. Claimant's condition included gastrointestinal difficulties, chronic bronchitis, a recurrent duodenal and orgastric ulcer disease, fatty liver or cirrhosis, and an "unexplained bout of jaundice,"—all conditions that preceded the fracture in 1976. Further, secondary to the fracture, claimant developed multiple pulmonary emboli, which resulted in claimant's extensive hospitalization. Although Dr. Bradley testified that the emboli situation had cleared, he did state that claimant continues to suffer from "foot drop" of the nonfractured left leg and, as a result, wears a brace on that leg.

On direct examination, Dr. Bradley stated that: "We felt that his left foot drop was related to his disability being in bed for a long period of time and probably related to some spirit ingestion. Now that's difficult to prove. But that's what we felt."

The employer, petitioning to terminate payments under a notice of compensation payable, bears the burden of proving that the disability had ceased, or that the disability presently suffered by the claimant is no longer causally related to claimant's accident. Section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772; *Workmen's Compensation Appeal Board v. Hoffman,* 19 Pa. Commonwealth Ct. 610, 612, 339 A.2d 188, 189 (1975). Where the party with the burden of proof has prevailed before the factfinder, as employer did here, our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by competent evidence. *Empire Kosher Poultry, Inc. v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 394, 402 A.2d 561 (1979).

The referee's finding, which is supported by sufficient competent evidence, and is therefore binding on this court, is that:

(4) The claimant is disabled from any employment from other conditions; . . . none of which are related to his fall or the treatment of his fractured right leg.

The employer's expert witness, a board-certified orthopedic surgeon, unequivocally testified that claimant's weakness in his left foot was not related to the fracture. The doctor attributed the weakness of the muscles in the left foot to what is generally referred to as peripheral neuropathy, which condition the doctor opined was secondary to the claimant's "general weakened condition," and not a result of the fall which caused the fracture.

This case is a close one. However, the evidence supports the referee's finding, and a careful review of the record indicates that the referee did not capri-

ciously disregard competent evidence. Therefore, we affirm the order of the board dismissing claimant's appeal.

### ORDER

AND Now, this 8th day of February, 1980, the order of the Workmen's Compensation Board of Review dated November 22, 1978, (Docket No. A-74450) is affirmed.

Judge DiSALLE did not participate in the decision in this case.