Louderback Transportation Company and Reliance Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Adrien Lemieux, Respondents.

Argued March 13, 1980, before President Judge CRUMLISH and Judges ROGERS and CRAIG, sitting as a panel of three.

*Charles S. Katz, Jr., Swartz, Campbell & Detweiler,* for petitioners.

*Lewis Kates*, with him, *James F. Guidera*, for respondent.

OPINION BY JUDGE CRAIG, April 15, 1980:

Employer Louderback Transportation Company appeals from an order of the Workmen's Compensation Appeal Board (board) which reversed and remanded a referee's decision terminating Adrien Lemieux's (claimant) disability compensation payments.

On February 28, 1974, claimant suffered compensable injuries to his left thigh and left buttock, when he slipped on ice and a couch he was carrying fell on him. Thereafter, claimant entered into a compensation agreement with the employer and employer's insurance carrier, under which claimant received disability compensation payments from February 28, 1974 through September 11, 1974.

Employer on September 23, 1974 filed a termination petition alleging that claimant, as of September 12, 1974, had fully recovered from his disabling injuries. Claimant answered that he was still disabled by a back injury causally connected to the February, 1974 accident.

The referee found that claimant had recovered from the disabling injuries which had emanated from the February 28, 1974 accident. Moreover, the referee found that claimant's inability to work on and after September 12, 1974 was due to a lower back problem not causally related to the accident in February.

Claimant appealed the referee's decision to the board. The board reversed the referee's findings as to claimant's recovery from his disabling injuries and as to the absence of a causal connection between claimant's back problem and the original accident. Thus, the board remanded the case to the referee and ordered him to consider whether or not claimant had

recovered from his lower back problem. From that order employer filed this appeal.

This court's authority to review remand orders is extremely limited. The general rule is that the board's remand orders are interlocutory and unappealable. However, in *American Can Co. v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 169, 389 A.2d 263 (1978), this court stated that an appeal from a remand order is permitted (1) if the board had no jurisdiction to remand because the appeal to it was not timely, or (2) if the board's action is based on a clear error of law so that the proceeding would be needlessly prolonged, or (3) if there could be no result other than that reached by the referee on the basis of the record.

Clearly, the first two exceptions set out in *American Can, supra,* are not applicable to the case before us. Moreover, after reviewing the record, we cannot hold that there could be no result other than that reached by the referee.[1] Therefore, none of the *American Can, supra,* exceptions apply. Thus, we must quash employer's appeal.

Because we are by statute limited to considering appeals from final orders of administrative agencies, our disposition is appropriate notwithstanding claimant's failure to raise the motion to quash. *Rockwood Area School District v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 250, 381 A.2d 230 (1978). Hence, we defer a discussion of the causation issue until we have a complete record before us.

---

[1] To prove that the claimant had recovered from his disabling injuries and that the claimant's continued disability was not causally connected to the February, 1974 accident, the employer offered the testimony of two medical experts. However, they contradicted each other in some respects. Conversely, claimant's medical expert provided clear and unequivocal testimony in support of the claimant.

Accordingly, we will quash employer's appeal and remand the record to the board for further proceedings.

ORDER

AND Now, this 15th day of April, 1980, this appeal is hereby quashed and the record is remanded to the Workmen's Compensation Appeal Board for further proceedings not inconsistent with this opinion.