Anthony Renaldi, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Borden, Inc.—Food Division, Drake Bakeries et al., Respondents.

Submitted on briefs March 4, 1982, to President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Herbert V. Giobbi,* for petitioner.

*Thomas A. Wallitsch, Roberts, Traud & Wallitsch,* for respondents.

OPINION BY JUDGE BLATT, May 24, 1982:

Anthony Renaldi (petitioner) appeals a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision to grant his employer's[1] petition to terminate his benefits.

---

[1] Borden, Inc.—Food Division, Drake Bakeries et al.

On September 1, 1976, the petitioner incurred a compensable injury when he fell and injured his lower back and the parties herein entered into a compensation agreement under which payments were made until November 19, 1976, when the employer filed the instant petition to terminate. After a hearing at which both sides presented conflicting medical evidence, the referee, relying upon the testimony of the employer's medical witness, who was the petitioner's initial treating physician, found that the claimant's disability had ceased as of November 4, 1976 and that he could resume his former position with his employer as a driver-salesman without limitation. The Board affirmed.

Where, as here, the party with the burden[2] of proof prevails before the referee and the Board takes no additional evidence, our scope of review is limited to a determination of whether or not constitutional rights have been violated, an error of law was committed, or the referee's necessary findings of fact were unsupported by substantial evidence. *Rowan v. Workmen's Compensation Appeal Board,* 58 Pa. Commonwealth Ct. 56, 426 A.2d 1304 (1981).

The petitioner argues first that the factual determinations made by the referee were unsupported by competent and substantial evidence in the record. Specifically, he claims that the referee made unsupported findings because the petitioner's medical witness directly contradicted the employer's and that the testimony of the employer's witness is incompetent because he signed a physician's report on November 8, 1976 which stated that the petitioner's period of disability extends from September 3, 1976, to an "undetermined date."

---

[2] *Cislo v. Johnstown Housing Authority,* 49 Pa. Commonwealth Ct. 293, 410 A.2d 979 (1980).

Our review of the record indicates that the employer's medical witness, Dr. Richard K. White, M.D., a board-certified orthopedic surgeon and the petitioner's initial treating physician, testified, based upon a number of examinations of the petitioner, that the petitioner had no loss of function on November 4, 1976 which was related to the fall which occurred on September 1, 1976, and that he could resume his former position with the employer without limitation. This constitutes substantial evidence and, contrary to the petitioner's belief, the fact that the referee chose to assign greater weight to Dr. White's testimony and to reject or rely little on the petitioner's medical expert is not a basis for disturbing the referee's findings inasmuch as questions of credibility and the resolution of evidentiary conflicts are clearly for the factfinder. *Roberts v. Workmen's Compensation Appeal Board*, 58 Pa. Commonwealth Ct. 123, 427 A.2d 328 (1981). Moreover, we do not believe that Dr. White's signing of the attending physician's report which stated that the period of disability extended from September 3, 1976, to an "undetermined date" necessarily renders Dr. White's testimony incompetent inasmuch as the referee can accept or reject the testimony of a witness in whole or in part,[3] and insofar as he explained that *every* form going out of his office had an "undetermined date" in order to prevent potential problems.[4]

---

[3] *See e.g., Jasper v. Workmen's Compensation Appeal Board*, 58 Pa. Commonwealth Ct. 208, 427 A.2d 740 (1981).

[4] Dr. White, in attempting to explain his practice of listing an "undetermined date" on his records, testified as follows:

[I]ts been the practice of my office—and this was done by my office; I knew nothing of it but I take full responsibility for it . . . all these forms have an undetermined date on them because the company will come . . . if I give a target date or an estimate date that I think that he would return to work . . . and say "that's the time you're either here or you're fired or something else" . . . I've gotten too

We believe, therefore, that the petitioner's first argument must fail.

The petitioner next argues that the referee committed an error of law and abused his discretion by allegedly extensively cross-examining certain witnesses. Our close examination of the record, however, discloses to the contrary that the referee did not act improperly but rather reasonably sought to clarify certain important points which we believe were not otherwise clear from the testimony. And, because a workmen's compensation "referee is entitled, and indeed bound, to attempt to bring out the truth," we find no reversible error. *Fonte v. Koppers Company, Inc.*, 25 Pa. Commonwealth Ct. 349, 351, 360 A.2d 836, 837 (1976).

We will therefore affirm the Board's order.

### ORDER

AND Now, this 24th day of May, 1982, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

Judge MENCER did not participate in the decision in this case.

---

many difficulties and too many arguments on estimated dates [from forms] as a basis of compensation . . . so every form that goes out of my office has an undetermined date on it.