M. Brenner & Sons, Inc., Petitioner v. Workmen's Compensation Appeal Board (Nelma Jacobs), Respondents.

244

Argued September 15, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and DOYLE, sitting as a panel of three.

*Daniel K. Deardorff, William F. Martson, P.C.,* for petitioner.

*Bruce D. Foreman, Melman, Gekas, Nicholas & Lieberman,* for respondent, Nelma Jacobs.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 22, 1983:

The Workmen's Compensation Appeal Board upheld a referee's decision which awarded benefits to

Nelma Jacobs. M. Brenner & Sons, Inc. (Brenner) appeals. We affirm. We quash that part of Brenner's appeal which attempts to raise again the question of statute of limitations.

Jacobs' petition was dismissed by the referee, citing the statute of limitations.[1] The Board reversed[2] and remanded for a decision on the merits. Brenner appealed the statute of limitations issue to this Court and we quashed the appeal as untimely.[3] On remand, the referee awarded benefits. The Board affirmed. This appeal followed.

As to the statute of limitations issue, Brenner contends that, citing *Murhon v. Workmen's Compensation Appeal Board,* 51 Pa. Commonwealth Ct. 214, 414 A.2d 161 (1980), a remand order of the Board is interlocutory and unappealable as a matter of right, and so an appeal cannot be quashed as untimely. *Murhon,* however, was decided on May 7, 1980. Brenner's original appeal was quashed on August 20, 1979.

---

[1] The referee originally determined that Jacobs had filed her claim beyond the three-year statute of limitations provision of Section 315 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §602, which reads in pertinent part:

> In cases of personal injury all claims for compensation shall be forever barred, unless, within three years of the injury, the parties shall have agreed upon the compensation payable under this article; or unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof.

[2] The Board ruled that Jacobs was unintentionally misled by her insurance carrier. Jacobs was led to believe that she was reporting to workmen's compensation when dealing with the insurance company. This would toll the statute of limitations.

[3] The Board's original order was entered July 12, 1979. Under the thirty-day appeal period to this Court, the last day to petition for review was August 13, 1979. Brenner's petition for review was not filed until August 20, 1979.

At the time of the appeal, Brenner's contention fit within one of the three exceptions in *American Can Co. v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 169, 389 A.2d 263 (1978), *i.e.,* the Board's action in granting the remand was based on a clear error of law.[4] In quashing Brenner's appeal, we conclude that *Murhon* is to be applied only prospectively. In *Schreiber v. Republic International Corp.,* 473 Pa. 614, 622, 375 A.2d 1285, 1289 (1977), the Pennsylvania Supreme Court held that, in order to be applied prospectively only, a decision must establish a new principle of law, either in overruling clear past precedent or by deciding an issue of first impression whose resolution was not clearly "foreshadowed." *Murhon* clearly overrules past precedent:

> Over the last ten years this Court . . . has departed from the well established doctrine that remand orders of the Board are interlocutory and not appealable. In doing so we have developed three exceptions. . . . As explained in the decisions which developed the exceptions, it was felt there would be a savings of litigants' time and money if these exceptions were allowed. Our experience has been that the existence of the exceptions has been counterproductive. . . .
>
> In view of this, our Court now returns to the time tested doctrine that a remand order of the Board is interloctory and unappealable

---

[4] The other two exceptions are as follows:

1. An appeal will not be quashed if the Board had no jurisdiction to remand because the appeal to it was untimely filed.

2. There could be no result other than that reached by the referee on the basis of the record.

as a matter of right, without exception. (Footnote omitted.)

*Murhon* at 217, 414 A.2d at 162-63.

We quash Brenner's appeal on the statute of limitations issue and move at last to the merits of the case.

Jacobs was awarded benefits for work-related injuries.[5] Without taking additional evidence, the Board affirmed the award. Where the party with the burden of proof has prevailed before the referee and the Board has taken no additional evidence, our review is limited to a determination of whether or not constitutional rights were violated, an error of law was committed, or necessary factual findings were unsupported by substantial and competent evidence. *Dale Manufacturing Co. v. Bressi,* 491 Pa. 493, 498, 421 A.2d 653, 655 (1980). The referee, in reviewing the evidence, adopted the testimony of Jacobs' expert witness, Dr. Douglas Sanderson, as to the kind, extent and cause of Jacobs' injuries.[6] Our careful re-

---

[5] The referee determined that on August 20, 1974, while employed by the defendant as a picker, claimant was standing on a stepladder restocking shelves when a forklift operated by another employee hit the shelves causing same to strike claimant on her right leg and arm. After reviewing the medical testimony, the referee concluded that the claimant's injuries described under the findings of fact were causally related to claimant's accident of August 20, 1974, and therefore compensable under The Pennsylvania Workmen's Compensation Act.

[6] Jacobs became a patient of Dr. Douglas Sanderson on June 24, 1977. At the time of her first visit to Dr. Sanderson, Jacobs had multiple complaints, including discomfort and numbness of the right hand and wrist, swelling in the right lower leg and ankle, pain in the right thigh and intermittent back pain.

Jacobs' complaints were diagnosed by Dr. Sanderson as a low-grade carpal tunnel syndrome of the right wrist, a chronic hamstring strain of the right side accounting for her thigh discomfort, a weakness due to a bruised and contused right lower extremity

view of the record convinces us that this conclusion was supported by substantial and competent evidence. Affirmed.

ORDER

The order of the Workmen's Compensation Appeal Board, No. A-80003 dated May 21, 1981 is hereby affirmed. Further, that part of the appeal of M. Brenner & Sons, Inc., regarding the statute of limitations issue is quashed.

---

which accounted for the majority of the swelling and discomfort of her right ankle aggravated by Jacobs' weight bearing which strained the ligaments of the ankle and strained muscles and ligaments of the back accounting for Jacobs' back discomfort.

The referee decided that, based upon the competent medical evidence, Jacobs' low-grade carpal tunnel syndrome of the right wrist, her chronic hamstring strain to the right thigh, her strain and swelling of her right ankle, and her strained muscles and ligaments of the back were all as a result of Jacobs' original trauma suffered in the accident of August 20, 1974. The referee finally decided that, as a result of injuries incurred on August 20, 1974, Jacobs became disabled on October 7, 1977, and said disability continued without interruption.