In Re: 1980 Auditors' Report for New Castle Township. Michael Tobin, Appellant.

Argued May 9, 1983, before Judges ROGERS, BLATT and DOYLE, sitting as a panel of three. Reargued January 31, 1984, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE and BARRY.

*Stephen P. Ellwood,* with him, *Lester Krasno, Krasno & Krasno,* for appellant.

*William E. Baldwin, Pfeiffer, Brown & Baldwin,* for appellee.

OPINION BY JUDGE DOYLE, September 28, 1984:

Michael Tobin appeals an order of the Court of Common Pleas of Schuylkill County which, in disposition of exceptions to an audit of the 1980 accounts of New Castle Township, imposed a surcharge of $660.00

upon three township officials[1] and directed them to pay attorney's fees in the amount of $837.50.

The stipulated facts indicate that the Board of Supervisors of New Castle Township (Board of Supervisors), at its regular meeting on May 1, 1980, adopted an ordinance creating the office of township manager. At the same meeting, Tobin was named manager and his compensation was set at $25.00 per meeting. At a subsequent meeting of the Board of Supervisors on June 5, 1980, Tobin was appointed township clerk at a salary of $40.00 per month.[2] On July 3, 1980, Tobin was named secretary-treasurer of the township and his salary was fixed at $100.00 per meeting.

Also at the meeting on July 3, 1980, the Board of Supervisors adopted an ordinance providing for the issuance of building permits for new construction in the township. At the meeting of the Board of Supervisors on August 7, 1980, Tobin was appointed township building inspector and his compensation fixed at 10% of the sum collected as fees for building permits. Between the July 3 and August 7, 1980 meetings, Tobin collected $5,846.06 in building permit fees and at the August 7 meeting he was paid $585.00, representing 10% of the fees collected. At subsequent monthly meetings up to and including November 6, 1980 Tobin was paid 10% of the total collected in building permit fees during the previous month.

At the regular monthly meeting of the Board of Supervisors on December 4, 1980, it was decided to

---

[1] The order of the trial court imposed a surcharge and entered judgment against two township supervisors and Michael Tobin. Tobin, however, is the only party who appealed.

[2] At the June 5, 1980 meeting, Supervisor Homovich was appointed secretary-treasurer and occupied that position until the July 3, 1980 meeting when he resigned. No compensation was paid to Homovich for the month he served because the auditors had set no compensation.

pay Tobin $200.00 per week plus expenses, retro-active from November 1, 1980 as compensation for all of his duties as building inspector, municipal building officer, secretary-treasurer and manager.

On March 20, 1981, the township record books of New Castle Township were audited for the year 1980. The report of the auditors filed with the Schuylkill County Clerk of Courts found no improprieties and recommended no surcharges. On May 4, 1981, excep-tions to the audit were timely filed by two resident taxpayers (Taxpayers),[3] and the matter was set for hearing. The exceptions alleged, *inter alia*, that pay-ment of a commission on building permit fees collected between July 3 and August 7, 1980, before Tobin's formal appointment as building inspector, was im-proper. The parties stipulated to the facts pertinent to the case and filed a written stipulation with the court of common pleas. On January 18, 1982, the court of common pleas issued the order surcharging Tobin and two supervisors. It is that order which Tobin ap-peals here.

Section 545 of the Second Class Township Code (Code), Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §65545, provides, in pertinent part:

> Any elected or appointed officer, whose act, error or omission has contributed to the finan-cial loss of any township, shall be surcharged by the auditors with the amount of such loss, and the surcharge of any such officer shall take into

---

[3] Michael Skrincosky, a registered elector and taxpayer in the township who is also a Supervisor, and Anne Rosemary McCoach, a registered elector and taxpayer in the Township, filed a pleading in the Court of Common Pleas of Schuylkill County entitled "Appeal from 1980 Auditors' Report." The pleading took exception to the report for the auditors' failure to surcharge Tobin and the Board of Supervisors for six alleged irregularities. Only those allegations relating to Tobin's remuneration as building inspector are before us in this appeal.

consideration as its basis, the results of such act, error or omission and the results had the procedure been strictly according to law.

The court of common pleas surcharged Tobin for the $585.00 commission received on building permit fees collected after the July 3, 1980 adoption of the building permit ordinance but before the August 7, 1980 appointment of Tobin as building inspector. Tobin was also surcharged $75.00, which represented that portion of his $200.00 per week salary attributable to his performance of the duties of building inspector from November 1, 1980 to November 6, 1980.[4] Tobin had collected and received a commission on $1,115.00 in building permit fees during that time. Tobin urges that both surcharges are erroneous as a matter of law and are not supported by substantial evidence.

Before addressing the merits of the case, we must first consider on which party should rest the burden of proof for establishing whether there has been an official error resulting in financial loss to the township. Section 559 of the Code, 53 P.S. §65559 provides:

The accounts of the officer in question may be investigated de novo. The figures and facts found and stated by the auditors in their report of audit shall be taken as prima facie correct as against any such officer, and the burden shall be upon each officer, whose accounts are in question, to establish the validity of the credits which he claims.

In *Silver Appeal,* 74 Pa. Commonwealth Ct. 614, 460 A.2d 904 (1983), this Court held that Section 559 places

---

[4] The trial court reasoned that $200.00 was Tobin's weekly salary for all of his positions. Since it was permissible for him to receive $100.00 (per meeting) as secretary-treasurer and $25.00 (per meeting) as township manager, the balance of $75.00 must have been attributable to his position as building inspector and accordingly surcharged him in that amount.

the burden of proof upon the official under facts similar to the present case, where taxpayers challenged the correctness of the auditors' report which supported the actions of the official. A close reading of the Section, however, suggests that our holding in *Silver* involved a misapplication of the law. Section 559 states only that the auditors' report shall be taken as prima facie correct *as against* an officer. Thus, where the auditors' report finds impropriety in an officer's accounts, it is the officer's burden to establish their validity. It does not follow, however, that this burden would remain on the officer in a situation where his actions *are supported* by the auditors' report. To the contrary, given that Section 559 provides that the auditors' report be taken as prima facie correct, it follows by implication that *any* party challenging the findings of the report would have the burden of establishing the report's incorrectness. Thus, we hold that, where, as in this case, the taxpayers have challenged the actions of an officer which are supported by the auditors' report, it is the taxpayers, and not the officer, who must bear the burden of proving the report's incorrectness. To the extent that the holding in *Silver* suggests the opposite result, it is expressly overruled.

Turning to the merits of the case sub judice, we find that the surcharges are not supported by the record evidence. Tobin argues that the record shows no evidence of financial loss to the township because, although he was not appointed building inspector until August 7, he performed all the duties of building inspector under the July 3, 1980 ordinance and the result was the same as if the law had been strictly complied with. The Taxpayers who excepted to the auditors' report argue that the record shows no evidence that Tobin performed any of the building inspector's duties during the period in question other than the

collection of fees. As we noted above, the record in this case consists entirely of the written stipulation of the parties. And both parties are correct in their arguments regarding what the record does *not* show. The stipulated record includes no evidence regarding whether or not Tobin performed any of the duties of building inspector under the July 3, 1980 ordinance before his formal appointment. Absent evidence on this critical point the court of common pleas could not conclude one way or the other on the issue of whether the township suffered a financial loss.[5]

The record is similarly deficient with regard to the $75.00 surcharge representing an alleged double collection of remuneration for services performed as building inspector in the first week of November, 1980. The record indicates that the building permit fees collected in November which are at the center of the controversy here were paid on the third and fifth days of that month. Tobin urges that all the preliminary work for the building permits represented by those fees was performed by him prior to November 1, 1980 so that although the money was actually collected in Novem-

---

[5] The court of common pleas stated:

[T]here was no definition of duties to be performed by the building inspector prior to the adoption of the building permit ordinance on July 3, 1980. Therefore it is reasonable to infer that the only duty performed by Tobin, prior to his appointment as building inspector was the mere collection of the permit fees, and this was done by him in his capacity as manager or township secretary. We find, in this instance, that the township suffered a financial loss.

*In re: 1980 Auditors' Report for New Castle Township*, (No. 49 Misc. 1981, filed January 18, 1982) slip op. at 5. This is error by the trial court. As the court notes, the duties of the building inspector were defined in the July 3, 1980 ordinance. It is as reasonable as not to infer that Tobin *did* perform the duties specified in that ordinance prior to his formal appointment as building inspector, and thus that there was *no* financial loss. There is no basis, however, for a presumption one way or the other.

346

ber, it represented work performed in October, before the date when his salary as building inspector became fixed and his right to commission expired. The record reflects none of the facts which Tobin now argues, but it also reflects no facts to the contrary.

Although we have held that the taxpayers have the burden of proof when challenging the correctness of the auditors' report, we decline from holding them responsible for the insufficiency of evidence in the present case. We recognize that our decision has established a new principle of law in overruling past precedent, and should be given prospective application. *Schreiber v. Republic Intermodal Corp.*, 473 Pa. 614, 375 A.2d 1285 (1977) ; *M. Brenner & Sons, Inc. v. Workmen's Compensation Appeal Board (Jacobs)*, 72 Pa. Commonwealth Ct. 243, 457 A.2d 135 (1983). For this reason we shall remand the matter to the court of common pleas to allow both parties to present testimony or enter further stipulations.

ORDER

Now, September 28, 1984, the order of the Court of Common Pleas of Schuylkill County in the above referenced matter dated January 18, 1982, is hereby vacated and the matter is remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.

Judge ROGERS concurs in the result.