566 A.2d 923

**In re Appeal from 1985 Report of Auditors of the Township of Fairfield, Westmoreland County, Pennsylvania.**

**Appeal of BOARD OF AUDITORS OF FAIRFIELD TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued Oct. 2, 1989.

Decided Nov. 28, 1989.

John M. Campfield, Campfield & Ferraro, Greensburg, for appellant.

Anthony P. Picadio, Sherman & Picadio, Pittsburgh, with him, George V. Welty, Flickinger & Welty, Ligonier, for appellee.

Before CRAIG and DOYLE, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Before us for consideration is the appeal of the Fairfield Township Board of Auditors (Auditors) from an order of the Court of Common Pleas of Westmoreland County which denied the Auditors' petition for counsel fees and costs associated with a surcharge filed by them against the Fairfield Township Supervisors (Supervisors). We affirm in part and vacate in part, and remand to the common pleas court for a determination of whether the Auditors' employment of an attorney complied with Section 550 of The Second Class Township Code (Code), Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. § 65550. From our review of the record, the relevant facts are as follows.

At their January, 1985 organization meeting, the Supervisors appointed a township solicitor and set his compensation rate at $45.00 per hour. During 1985, the solicitor submitted two statements which together totaled $5,294.25. Although they are not included in the record, the statements apparently consisted only of a recitation of the number of hours billed multiplied by the hourly rate without an explanation or description of the work performed. Prior to

the approval of both invoices at regular public meetings, the Supervisors apparently first privately reviewed the solicitor's records from which the statement was derived.

The solicitor's statements were examined by the Auditors while in the course of their 1986 audit of the Supervisors' 1985 accounts. By letter to the Supervisors dated February 11, 1986 the Auditors requested additional information for purposes of the audit including, *inter alia*, "a statement from [the solicitor] giving a brief description of the subject involved, date, type of service (*i.e.* phone call, conference, meeting, preparation of legal document, letter writing, etc.) and cost for each legal charge in 1985." The Supervisors responded by letter dated February 21, 1986 in which they stated that "[t]he statements are strictly confidential information between the Supervisors and the Solicitor."

By way of response, the Auditors at their February 26, 1986 meeting approved a motion that they would not sign the 1985 Audit Report until they received the solicitor's statements and had the time to review them.[1] The Supervisors were informed of this action by letter dated March 3, 1986. The Auditors further indicated their disagreement with the Supervisor's position by letter dated March 13, 1986 in which they requested that the solicitor or another attorney of the Supervisor's choosing provide the Auditors with a legal brief on the matter. In a lengthy response dated March 26, 1986, the solicitor set forth the legal underpinnings of the Supervisors' position. In the final paragraph of that letter, he also informed the Auditors that, in an effort to resolve the matter, the Supervisors were requesting that a meeting be held at 7:00 p.m. on March 31, 1986 at the Township building. However, the March 26

---

1. The significance of any delay in filing the audit report is illustrated by Section 547 of the Code, 53 P.S. § 65547, which mandates certain deadlines for the completion and filing of the report. Subsection 547(a) provides that the Auditors shall complete their audit by March 1 of each year, and Subsection 547(b) provides that the Auditors report shall be filed not later than ninety days (March 31) after the close of the fiscal year (December 31). One possible result of a delay in filing a signed audit report would be a delay in the Township receiving certain types of state funding.

letter was not delivered to the Auditors until late in the afternoon of March 31. Because of the delay in receipt of the letter, the Auditors were unable to attend the meeting.

Aside from the delay in delivery, the Supervisors' request for a meeting was problematic in a more important sense. Because of the mandates of Section 547 of the Code, the meeting requested by the Supervisors for March 31, 1986 at 7:00 p.m. was beyond the time at which the Auditors were required to file their report. Accordingly, the report was filed on March 31, 1986, and the Auditors entered a surcharge against the Supervisors in the amount of $5,294.25.

The Auditors responded to the March 26, 1986 letter by letter dated April 4, 1986 and stated that they were not requesting the solicitor's work papers, and restated their position that "an identification of the type of activity, and the date of service, cannot be a matter of confidential information." The Auditors concluded by suggesting that the parties meet informally with a judge who had resolved a previous dispute between them in an attempt to resolve this dispute.

The Supervisors failed to reply directly, but on April 8, 1986 they filed in common pleas court an appeal of the surcharge. The Auditors, by letter dated April 14, 1986, informed the Supervisors, as required by Section 550 of the Code, of the Auditors' intention to employ an attorney to represent them in the surcharge matter. Thereafter, in a last attempt to avoid the appeal, the Auditors by letter dated April 18, 1986 asked that the Supervisors reconsider their position, and attempted "to clarify" what type of information the Auditors were requesting by presenting samples from a previous statement provided by their attorney.[2] Further, the Auditors again suggested that the par-

2. The letter of April 18, 1986 from Roberta A. Graham, Secretary of the Board of Auditors, stated in pertinent part:
   I am writing this letter to clarify that the Auditors want the type of information (example below) that apparently Mr. Welty [the Township solicitor] presents to you, but you refuse to allow [us] to review. I am copying this information from the statement Mr. Campfield [our attorney] provided when he represented the Audi-

ties informally meet with a mediator acceptable to both parties. To this request there was no response from the Supervisors.

A hearing was subsequently held on the surcharge appeal. By opinion and order dated May 13, 1987, the common pleas court dismissed the surcharge. The court concluded as a matter of law that the Auditors had failed to establish, (a) that the actions of the Supervisors were improper, illegal or contributed to the financial loss of the Township, (b) that there was an act, error or omission on the part of the Supervisors that resulted in financial loss to the Township, or (c) that the Supervisors acted in bad faith, fraudulently or capriciously. The Auditors failed to appeal this decision, and, therefore, it is a final determination of the merits of the underlying surcharge issue.

The Auditors, however, thereafter petitioned the common pleas court for their attorney's fees and costs. The Supervisors filed an answer and new matter in which they alleged that the Auditors' failure to comply with Section 550 of the Code precluded them from recovering attorney's fees and that Section 550 made no provision for recovery of costs. Following a hearing, the court concluded in an opinion and

tors last year in the surcharge, and I am taking random samples for the sake of brevity (although the samples themselves are complete entries).

| Example: | | |
|---|---|---|
| 4/17/85 | Conference with Auditor Killen and review of case | 1 hr. |
| 5/22/89 | Preparation and filing of Entry of Appearance and Notice to Attorney Welty | ¼ hr. |
| 6/06/85 | Research and check of records in Clerk of Courts office | ½ hr. |
| 7/09/85 | Letters to Auditors and Attorney George Welty informing them of the hearing | 20 min. |

order filed May 13, *1988* that, *based on its May 13, 1987 opinion and order*, the Auditors had failed to establish a basis for the surcharge, and, therefore, were not entitled to recover attorney's fees and costs. The Auditors filed exceptions to the ruling which the court denied. This appeal followed.

The issue before this Court is whether the Auditors are entitled to recover attorney's fees and costs incurred in defending the surcharge appeal by the Township. Section 550 of the Code provides as follows:

Employment and compensation of attorney

*The auditors,* in case of a disagreement with officials or board of township supervisors whose accounts they are required to audit, *may employ an attorney. Such attorney shall not be employed until reasonable effort to reach an agreement has been made,* and only after notice of their intention so to do has been given to said official or board of township supervisors. The compensation for such attorney shall be fixed by the auditors, and shall not exceed thirty dollars, unless an appeal is taken to the court, in which case the court shall fix the additional compensation for the attorney. The compensation for said attorney shall be paid out of the general township fund by a warrant drawn by the auditors upon the treasurer of the township. (Emphasis added.)

By the plain language of this section it is apparent that the Auditors may employ an attorney after a reasonable effort to reach an agreement has been made. If an appeal is thereafter taken to the common pleas court, the court *shall* fix additional compensation. Thus, it is the Auditors' burden in this case to show that they complied with the provisions of Section 550 of the Code.[3]

3. We note in passing that the common pleas court applied the incorrect burden of proof in the underlying surcharge appeal. Section 559 of the Code, 53 P.S. § 65559, provides that "the burden shall be upon each officer, whose accounts are in question, to establish the validity of the credits which he claims." *See also Tobin Appeal,* 85 Pa.Cmwlth. 339, 482 A.2d 287 (1984) (when Auditors' report finds impropriety in an officer's accounts, it is the officer's burden to establish their

The common pleas court, however, denied the Auditors' request for attorney's fees and costs because of its May 13, 1987 finding that there was no basis for the underlying surcharge. The court did not make any findings regarding whether the Auditors had made a reasonable effort to reach an agreement pursuant to Section 550. Therefore, we must remand to the common pleas court for such a determination.[4]

■ With regard to the issue of costs, it is clear that the common pleas court denied such recovery applying the same, albeit incorrect, reasons it used to deny recovery of attorney's fees, although it did not specifically address this issue. However, Section 561 of the Code, 53 P.S. § 65561, provides that "[i]n all cases of appeal from the report or audit of township auditors to the court of common pleas, the costs shall abide the event of the suit as in other cases." Therefore, because the Auditors failed to prevail in the surcharge appeal, the common pleas court properly denied the Auditors' petition to recover costs.[5]

Accordingly, the order of the Court of Common Pleas of Westmoreland County is affirmed as to the denial of the Auditors' petition to recover costs, and is vacated as to the denial of the Auditors' petition to recover attorney's fees and remanded for proceedings consistent with this opinion.

validity). The court incorrectly placed the burden on the Auditors. However, the issue in this appeal is not the validity of the underlying surcharge and hence the burden here is properly upon the Auditors.

4. Although we make no determination on this point, we believe that the facts strongly indicate that the Auditors' efforts were reasonable and extensive. Further, should the common pleas court find on remand that the Auditors complied with Section 550, it appears that the $50 per hour fee set as compensation for the Auditors' attorney is only $5 more than the hourly rate of the Township's solicitor.

5. Although the trial court denied recovery of costs based on an incorrect rationale, we may nonetheless affirm the court's order based upon a different rationale, if the basis for our affirmance is clear on the record. *Department of Transportation v. Richards*, 124 Pa. Cmwlth. 432, 556 A.2d 510 (1989). Further, the issue of costs is waived because, while it was referenced in their statement of questions involved, the Auditors failed to include this issue in the argument section of their brief. *See* Pa.R.A.P. 2119; *Commonwealth v. Jackson*, 494 Pa. 457, 431 A.2d 944 (1981); *Wood v. City of Pittsburgh*, 74 Pa.Cmwlth. 450, 460 A.2d 390 (1983).

## ORDER

NOW, November 28, 1989, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is affirmed with respect to costs and vacated with respect to attorney's fees and remanded to the common pleas court for proceedings consistent with this opinion.

Jurisdiction relinquished.