Rockwood Area School District, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Alice H. Tipton, Widow of Jack E. Tipton, Respondents.

Argued September 13, 1977, before Judges CRUM-LISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Robert G. Rose,* with him *Spence, Custer, Saylor, Wolfe & Rose,* for petitioner.

*Samuel D. Clapper,* with him *Nathaniel A. Barbera,* and *Barbera and Barbera,* and *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE CRUMLISH, JR., January 9, 1978:

The Rockwood Area School District (Petitioner) appeals to us from a decision of the Workmen's Compensation Appeal Board (Board) which remanded the case to the referee for a clarification of his findings on two key issues.

Petitioner comes to us alleging that there was competent evidence to support the referee's findings and that the Board, without taking further evidence, erred by substituting its findings of fact for those of the referee.

The decedent, Jack E. Tipton, was the Superintendent of Schools for the Rockwood Area School District, and acting principal for the Rockwood Area High School. On the last day of the 1972-73 school year, Mr. Tipton suffered a fatal heart attack, and his widow (Claimant/Respondent) thereafter filed for workmen's compensation benefits alleging a causal relation between decedent's work and his death. The referee disallowed Claimant's petition finding that decedent's death was the result of the natural progression of his pre-existing cardiac condition and was not causally connected with his work. Claimant appealed to the Board contending that the referee's findings were not based on competent evidence. The Board agreed and remanded the case to the referee for a clarification of his findings on the issues of stress and the cause of death.

Although Respondent has not challenged our jurisdiction to hear this appeal, we must address that issue, and, in so doing, conclude that Petitioner's appeal is premature.

As a general rule, a remand order to a referee is interlocutory and therefore not appealable. Exceptions are applied in situations where the remand would serve no judicial purpose. In *United Metal Fabricators, Inc. v. Zindash*, 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973), we granted an appeal and set aside a remand order of the Board where the record showed that no other conclusion, but that of the referee, could be supported, and the only purpose to be served by a rehearing was delay. In *Riley Stoker Corp. v. Workmen's Compensation Appeal Board*, 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973), we vacated a remand order where the record established that the appeal from the referee's order had not been timely filed.

Clearly, the exception noted in *Riley Stoker, supra,* has no application to this case. As to the exception in *Zindash, supra,* a fuller explanation is warranted.

Decedent's personal physician testified that he treated the decedent on the day he suffered his fatal attack and diagnosed an acute myocardial infarction, caused by the stress of his job. Petitioner's medical expert, relying on decedent's medical records and a medical study listing certain factors that tend to make some people more prone to heart attacks than others, offered a contrary opinion as to the nature of decedent's heart disease and stated that it was not possible to determine the cause of death. Relying on the testimony of Petitioner's medical expert, the referee found that decedent's death was not causally related to either his work or emotional stress, but was the result of a natural progression of a pre-existing cardiac condition. A review of this testimony, together with the remaining portions of the record, convinces us that it cannot be said that any other conclusion but that of the referee could be supported on remand, and we therefore hold that this case does not fall within the *Zindash* exception to the remand rule. The Board's remand order is therefore interlocutory and not appealable.

Moreover, our disposition is appropriate notwithstanding Respondent's failure to raise the motion to quash since our consideration is limited by statute to appeals from final orders of administrative agencies. *See* Section 403 of the Appellate Court Jurisdiction Act of 1970.[1] Therefore, having decided that the order to remand is interlocutory, we are compelled to quash this appeal on our own motion and consideration by us of the issue of the validity of the remand order is unnecessary.

[1] Act of July 31, 1970, P.I.. 673, *as amended,* 17 P.S. §211.403.

Accordingly, we

ORDER

AND Now, this 9th day of January, 1978, this appeal is hereby quashed and the record is remanded to the Workmen's Compensation Appeal Board for further proceedings not inconsistent with this opinion.