Neville Cement Products Co. and Westmoreland Casualty Co., Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and John Mohan, Respondents.

Argued November 2, 1978, before Judges MENCER, DiSALLE and CRAIG, sitting as a panel of three.

*H. Reginald Belden, Jr.*, with him *Stewart, Belden, Sensenich & Herrington*, for petitioners.

*Paul N. Barna*, with him *Barna and Barna*, for appellees.

OPINION BY JUDGE DISALLE, December 6, 1978:

This is a petition for review filed by Neville Cement Products Company and Westmoreland Casualty Company (Petitioners) from the order of the Workmen's Compensation Appeal Board (Board) setting aside the determination of the referee and remanding the case to him. After the initial hearing on Petitioner's Petition for Modification, the referee ordered that compensation payable to John Mohan (Mohan) for injuries he sustained while employed with Neville Cement Products Company be modified from the rate of $60.00 per week for total disability to the rate of $45.00 per week for partial disability. The only witness to testify for Petitioners at this hearing was Mohan, who was called as for cross-examination. It was the complete absence of any medical testimony which prompted the Board to remand the case to the referee with the suggestion that an impartial medical expert be appointed to testify as to the degree of Mohan's disability.

It is well settled that an order of the Board remanding a case to a referee for the taking of additional testimony is interlocutory and an appeal therefrom is generally premature. *Workmen's Compensation Appeal Board v. Gutman*, 23 Pa. Commonwealth Ct. 177, 351 A.2d 326 (1976); *Workmen's Compensation Appeal Board v. E-C Apparatus Corp.*, 20 Pa. Commonwealth Ct. 128, 339 A.2d 899 (1975). Although appeals from remand orders of the Board have been permitted in *Riley Stoker Corp. v. Workmen's Compensation Appeal Board*, 9 Pa. Commonwealth Ct. 533,

308 A.2d 205 (1973) and *United Metal Fabricators, Inc. v. Zindash,* 8 Pa. Commonwealth Ct. 339, 301 A. 2d 708 (1973), these cases stand for the proposition that a remand order of the Board must be clearly and undeniably in error before we will consider such an order appealable. *Workmen's Compensation Appeal Board v. Phillips,* 20 Pa. Commonwealth Ct. 598, 342 A.2d 495 (1975). In the instant case, Petitioners contend that the Board exceeded its authority in remanding the case in light of a record allegedly sufficient to permit the referee's decision on the merits. We need not decide the validity of this argument since it manifestly fails to demonstrate a clear and undeniable error on the part of the Board. Accordingly, we will dismiss the petition for review.

ORDER

AND Now, this 6th day of December, 1978, the petition for review filed by Neville Cement Products Company and Westmoreland Casualty Company is hereby dismissed.