Townsend & Bottum, Inc. and Michigan Mutual Insurance Co., Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Clifford C. Way, Respondents.

Argued March 14, 1980, before Judges MENCER, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Francis E. Pipak, Jr.*, with him *Fred C. Trenor, II*, of *Meyer, Darragh, Buckler, Bebenek & Eck*, for appellants.

*Alan E. Johnson*, with him *Paul R. Van Such*, for respondent.

OPINION BY JUDGE CRAIG, April 11, 1980:

Townsend & Bottum, Inc., and its insurer Michigan Mutual Insurance Company (petitioners) appeal from the decision and order of the Workmen's Compensation Appeal Board (board) remanding the claim of Clifford C. Way (claimant) to the referee for determination of the extent of claimant's disability, if any.

Although claimant has not filed an application to quash the appeal, all parties argue the issue of the reviewability of the interlocutory remand order; hence we will treat the case as if such an application were before us. *See Rockwood Area School District v. Workmen's Compensation Appeal Board*, 33 Pa. Commonwealth Ct. 250, 381 A.2d 230 (1978).

The referee found that claimant had sustained a compensable injury in the course of employment but also noting that he could not "render a reasonable finding in reference to the question of disability," he dismissed the claim petition without prejudice to the claimant's right to refile "when and if he secures evidence or testimony to support specific periods of disability" resulting from the injury. In the discussion accompanying his findings, the referee specifically requested the board to deny any request for a remand *unless* claimant or his counsel would present to the board a record of claimant's employment and earnings during the post-injury period.

On claimant's appeal to the board, he did provide evidence as to his employment history after the injury. The board stated that there was no doubt as to the occurrence of the injury, and remanded the record, accompanied by the evidence, for the referee's clarification.

Although the board's authority to remand is limited, our review of remand orders is even more limited. The general rule in this context is that the board's remand orders are interlocutory and unappealable. The rule, and the limited instances of divergence from it, were summarized in *American Can Co. v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 169, 389 A.2d 263 (1978) :

> In most instances, an order of the Board remanding a case to a referee is interlocutory and an appeal to this Court from such an order will be quashed. Gilroy v. Workmen's Compensation Appeal Board, 32 Pa. Commonwealth Ct. 152, 377 A.2d 1302 (1977). There are, however, several exceptions to this general rule. An appeal will not be quashed if the Board had no jurisdiction to remand because the appeal to it

was not timely, Riley Stoker Corp. v. Workmen's Compensation Appeal Board, 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973), or if there could be no result other than that reached by the referee on the basis of the record, United Metal Fabricators, Inc. v. Zindash, 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973). We will also allow an appeal from a remand order where the Board's action is based on a clear error of law which would necessitate prolonged and frivolous proceedings. Flynn v. Asten Hill Manufacturing Co., 34 Pa. Commonwealth Ct. 218, 383 A.2d 255 (1978).

*American Can, supra,* 37 Pa. Commonwealth Ct. at 171, 389 A.2d at 263-64.

The parties agree that the appeal to the board was timely; therefore, the initial *(Riley Stoker)* exception noted above is inapplicable.

With regard to the second *(Zindash)* exception, the referee's express indication of the possibility of a remand if the needed evidence became available has established that the referee himself recognized the possibility of a decision other than that which he adopted. Hence, following the referee's own lead, we cannot conclude that no other result could be supported on remand, *Rockwood Area School District, supra,* so that the second exception is inapposite.

Petitioners contend that the remand order itself exceeded the board's authority, thus bringing this case within the "clear error" exception. As in *Neville Cement Products Co. v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 79, 394 A.2d 1087 (1978), "[w]e need not decide the validity of this argument since it manifestly fails to demonstrate a clear and undeniable error on the part of the Board." 39 Pa. Commonwealth Ct. at 81, 394 A.2d at 1088.

464

Accordingly, we will quash petitioners' appeal and remand the record to the board for further proceedings.

ORDER

AND Now, this 11th day of April, 1980, the appeal of Townsend & Bottum, Inc., and its insurer Michigan Mutual Insurance Company, at No. 1562 C.D. 1979, from the June 21, 1979 order of the Workmen's Compensation Appeal Board at No. A-76557, is quashed and the record is remanded to the Workmen's Compensation Appeal Board for further proceedings.