Frederick P. Hartman, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Fred's Vending, Inc., Respondents.

Argued May 7, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Seymour A. Sikov, Sikov and Love, P.A.,* for petitioner.

*Lawrence J. Baldasare,* with him *Fred C. Trenor, Meyer, Darragh, Buckler, Bebenek & Eck,* for respondents.

OPINION BY JUDGE CRAIG, June 4, 1982:

Claimant Frederick P. Hartman, president and an employee of Fred's Vending, Inc., the employer corporation owned by him, injured his right hand on January 20, 1978 operating a snowblower while clearing snow from the driveway of the property which served as his personal residence as well as the corporate headquarters of the employer business. The referee has found that his actions were conducted in the course of his employment, seeking to respond to two customer calls for service.

After the claimant had initiated a claim petition in March, 1978, the insurer entered into a compensation agreement June 6, 1979 for loss of use of certain fingers and amputation of a portion of a finger, totaling 126 weeks. Thereafter, the referee, by decision of June 23, 1980, awarded 10% penalty against the insurer with respect to the 126 weeks of compensation

on the ground of the insurer's refusal of compensation until June, 1979, found to be unreasonable by the referee; the referee also awarded 20% counsel fees against the insurer, and finally also awarded 229 weeks additional compensation for loss of use of the right hand.

The Workmen's Compensation Appeal Board, on appeal to it by the insurer, deleted the referee's conclusions and awards as to the 10% penalty and counsel fees, deeming the insurer's delay and contest to be reasonable in view of the employee-corporation relationship involved. The board also remanded the case to the referee for the appointment of an impartial medical expert to determine whether claimant has lost the use of his right hand for all practical intents and purposes, pursuant to a medical examination, report and hearing, together with the possible presentation of additional evidence.

The claimant has appealed that portion of the board's order which deleted the penalty and counsel fees.

Unfortunately, in accordance with our decision in *Murhon v. Workmen's Compensation Appeal Board*, 51 Pa. Commonwealth Ct. 214, 414 A.2d 161 (1980), holding remand orders of the board to be interlocutory and unappealable without exception, we are required to quash this appeal sua sponte because the proceedings obviously remain at an interlocutory stage.

In view of the board's remand of the case to the referee for additional evidence on the scope of the disability, we are of the opinion that the ultimate disposition of the entire case, including the matters of penalty and counsel fees, could be assured on a more expedited basis if the referee were also to make a further finding or findings, on the basis of additional evidence if necessary, as to (1) the earliest date on

68

which the insurer had a reasonable opportunity to ascertain by investigation the verity and nature of the customer call or calls to which the claimant was found to be responding, and (2) whether or not the insurer unduly delayed in utilizing any such opportunity for investigation.

Although we can appreciate the board's view of the insurer's difficulty with the close relationship between the employee and the corporation and between the employee's residence and the corporation's place of business, the foregoing findings could well provide a record upon which the referee and board, and this court if needed, could resolve the penalty and counsel fee issues finally.

ORDER

Now, June 4, 1982, this appeal is quashed in accordance with the foregoing opinion.