520 A.2d 1252

Hazel Rettinger, Petitioner *v.* Workmen's Compensation Appeal Board (American Can Company), Respondents.

Argued November 21, 1986, before Judges MAC-PHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Richard H. Wix*, with him, *Michael L. Rozman, Wix, Wenger & Weidner*, for petitioner.

*James F. Carl, Metzger, Wickersham, Knauss & Erb*, for respondent, American Can Company.

OPINION BY SENIOR JUDGE BARBIERI, February 11, 1987:

In this workmen's compensation case Hazel Rettinger, Claimant, appeals here an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision. The referee's decision reduced her benefits from total to partial disability and denied her request for attorney's fees and penalties. We reverse in part and affirm in part.

This case has had a long and embattled course of litigation. There have been three decisions by two referees and three reviews and orders from the Board. To understand the complex issues as to burden of proof involved here, it is necessary to review the history of the case.

The case was instituted on February 7, 1979, when Claimant filed a Claim Petition alleging total disability

resulting from a degenerative arthritic condition, De Quiveran's Syndrome, in both her hands. The late Referee Noonan issued a decision on June 16, 1981, awarding her total disability benefits commencing on February 13, 1978. Referee Noonan also found Claimant's weekly wage to be $216.46 and concluded attorney's fees of 20% be paid out of the compensation due Claimant. Claimant appealed Referee Noonan's decision to the Board contending he erred in calculating her weekly wage and denying her request to have the Employer, American Can Company, or its insurer, pay her attorney's fees. The Employer filed no appeal but filed a modification petition during the pendency of Claimant's appeal to the Board. The Board remanded the case to the referee to determine the reasonableness of the Employer's contest. On remand, Referee Deeley, substituting for the deceased Referee Noonan, decided both the reasonableness of the Employer's contest as well as the modification petition. Referee Deeley decided there was to be no change in compensation since "Claimant successfully established that there were no jobs available to her at this time" and found the Employer's contest reasonable. The Employer appealed that decision to the Board. The Board, in its second decision, dated June 21, 1984, found that the Employer had met its burden of showing the availability to Claimant of suitable work and remanded the case to the referee for a recomputation of benefits based upon its finding that Claimant was now only partially disabled. An appeal of that order to this Court was quashed on July 31, 1984.[1]

On March 18, 1985, Referee Deeley filed his second decision, the third by a referee in this case, wherein he

---

[1] This Court, with very limited exceptions will quash as interlocutory any appeal to it from a remand order by the Board. *Murhon v. Workmen's Compensation Appeal Board*, 51 Pa. Commonwealth Ct. 214, 414 A.2d 161 (1980).

found Claimant's wage rate to be $324.25 per week, the compensation rate being $216.46; finding work was available to Claimant paying $3.25 per hour for a twenty hour week, or $67.00 per week; that the Employer's contest was reasonable based on the question of notice; and concluded penalties would not be appropriate in this case. Referee Deeley granted the Employer's modification petition as of March 23, 1982, reducing Claimant's compensation to $171.50 per week, reflecting the reduction by $67.00 from the average weekly wage of $324.25. Claimant appealed that decision to the Board who affirmed Referee Deeley by order dated February 21, 1986. This appeal followed.

In this appeal, Claimant contends: (1) the Board erred in its decision of June 21, 1984, in reversing the referee on the issue of availability of suitable work; (2) the referee and Board erred in finding the Employer's contest to be reasonable; and (3) the referee and Board erred in failing to impose penalties upon the Employer. We shall discuss these issues in the order stated, mindful of course of our limited scope of review under Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, requiring this Court to affirm the Board unless necessary findings are unsupported by substantial evidence, an error of law committed, or a constitutional right of the Claimant violated. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986); *Owens v. Workmen's Compensation Appeal Board (G. A. & F. C. Wagman, Inc.),* 39 Pa. Commonwealth Ct. 510, 395 A.2d 1032 (1979).

Claimant's initial contention is that the Board erred when it reversed the referee on the issue of the availability of suitable work.[2] We initially observe that where

---

[2] This issue was not foreclosed, since the prior remand was interlocutory. *Rockwood Area School District v. Workmen's Compensation Appeal Board (Tipton),* 98 Pa. Commonwealth Ct. 309, 511 A.2d 263 (1986).

an employer seeks to modify benefits, the burden is upon the employer, not the claimant, to show that there is available work which the claimant is physically capable of performing. *Cugini v. Workmen's Compensation Appeal Board (Arlen Realty)*, 74 Pa. Commonwealth Ct. 470, 460 A.2d 395 (1983). Referee Deeley, in his decision of August 25, 1982, improperly placed the burden upon the Claimant to show the *unavailability* of suitable work. However, this error was harmless under the circumstances since the referee found no suitable work was available and decided in the Claimant's favor. On the Employer's appeal, however, the Board utilized the correct standard and placed the burden of showing the availability of suitable work upon the Employer. Thus viewed, we must now determine whether the Board properly reversed the referee on the issue of availability of suitable work.

Since the 1972 amendments to The Pennsylvnia Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1031, the referee in workmen's compensation cases is the fact-finder. Under Section 423 of the Act, 77 P.S. §854, the Board may disregard a referee's finding when the finding is not supported by "competent" evidence. Thus, the referee is the ultimate fact-finder unless the Board chooses to hear new evidence. *Page's Department Store v. Velardi*, 464 Pa. 276, 346 A.2d 556 (1975); *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). Since the Board here took no additional evidence, it was restricted to considering only the competency, rather than the credibility, of the evidence before the referee. *Krawczynski*, 9 Pa. Commonwealth Ct. at 182, 305 A.2d at 761.

Our review of the record satisfies us that Referee Deeley's finding that there was not suitable work available to the Claimant was supported by competent evi-

dence. While the Employer did present evidence from a vocational rehabilitation counselor that there were jobs available that Claimant could physically perform with due regard for the arthritic condition of her hands, the counselor also testified that Claimant had other physical problems which could preclude her from performing those jobs. In fact, the counselor testified he could not make a determination as to what jobs were beyond the "whole person" of the Claimant. N.T. (3/24/82) 21-22, R.R. 22a-23a. Additionally, the evidence indicated that while Claimant applied for a number of the jobs recommended by the counselor, she was offered none of them. We have previously held that where a claimant applies for job opportunities made known by the employer but is rejected, the employer fails to meet its burden of showing the suggested job is available to the claimant. *Backowski v. Workmen's Compensation Appeal Board (E.W. Tire Co.)*, 93 Pa. Commonwealth Ct. 339, 503 A.2d 58 (1985); *St. Joseph's Hospital v. Workmen's Compensation Appeal Board (Stokes)*, 52 Pa. Commonwealth Ct. 265, 415 A.2d 957 (1980). Therefore, Referee Deeley's finding that there was no suitable work available to Claimant was supported by competent, substantial evidence and the Board did not have the power to disregard that finding. We must therefore reverse the Board's granting of the Employer's modification petition and order a reinstatement of total disability benefits. *See Fessler v. Workmen's Compensation Appeal Board (Nationwide Insurance Company)*, 86 Pa. Commonwealth Ct. 198, 484 A.2d 422 (1984); *Rockwood Area School District v. Workmen's Compensation Appeal Board (Tipton)*, 98 Pa. Commonwealth Ct. 309, 511 A.2d 263 (1986).

We next examine Claimant's contention that the referee's finding that the Employer's contest was reasonable is erroneous and that she should be awarded

counsel fees. Referee Deeley found the Employer's contest to be reasonable based upon the fact Claimant's injury was an aggravation of a pre-existing condition and an issue existed as to the cause of Claimant's disability. Additionally, the referee found an issue of notice was present, again related to that pre-existing condition. While there exists some evidence in the record regarding Claimant's medical records made with the Employer, putting the Employer on notice of the possible work-related nature of Claimant's disability, the referee was within his province as fact-finder to treat notice as a factual issue. *Hayden v. Workmen's Compensation Appeal Board (Wheeling Pittsburgh Steel Corp.)*, 83 Pa. Commonwealth Ct. 451, 479 A.2d 631 (1984).

The question of the reasonableness of an Employer's contest of a workmen's compensation claim is one of law subject to this Court's review. *Cleaver v. Workmen's Compensation Appeal Board (Wiley)*, 72 Pa. Commonwealth Ct. 487, 456 A.2d 1162 (1983). We recognize here that Claimant suffered from a very unusual pre-existing arthritic condition and that her disability resulted from an equally unusual aggravation of that condition. While there was little dispute that Claimant was disabled, the work-related nature of that disability was unclear. On these facts, we are constrained to agree with the referee and the Board that the Employer's contest was reasonable and that the denial of an award of attorney's fees under Section 440 of the Act, 77 P.S. §996, was not reversible error.

We now turn to Claimant's final contention that the Employer should be assessed penalties under Section 435 of the Act, 77 P.S. §991. Claimant argues the Employer unreasonably delayed payment of compensation to her after notice of her work-related disability; the unreasonable delay subjecting the Employer to a penalty amounting to 20% of compensation pursuant to Section

435(d)(i) of the Act, 77 P.S. §991(d)(i). In light of our conclusion that the Employer had a reasonable basis upon which to contest liability, we also conclude that the imposition of penalties under Section 435 would be inappropriate.

In view of the foregoing, we reverse the Board's order insofar as it affirms the referee's granting of the Employer's modification petition and affirm the Board insofar as it affirms the referee's denial of attorney's fees and penalties. We remand this matter for a reinstatement of total disability benefits.

ORDER

Now, February 11, 1987, the Order of the Workmen's Compensation Appeal Board at Docket No. A-89898, dated February 21, 1986, is hereby reversed insofar as it grants the petition of American Can Company to modify benefits to partial disability and affirmed insofar as it denies an award of attorney's fees and the imposition of penalties against American Can Company. The matter is remanded for a reinstatement of total disability benefits to Hazel Rettinger.

Jurisdiction relinquished.