**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3141
_____

VAMSIDHAR REDDY VURIMINDI,
Appellant

v.

HSFLB CONDOMINIUM OWNERS ASSOCIATION; CITY OF PHILADELPHIA;
COMMONWEALTH OF PENNSYLVANIA; OFFICE OF THE DISTRICT
ATTORNEY; GEORGE J. DILWORTH, JR.; ALLISON BOROWSKI; RAJANI
PATTINSON; LAUREN WESTFIELD; KENDRA BRILL; NICHOLAS PALMER;
MICHAEL BOROWSKI; LEO ADDIMANDO; JOHN DOE-1, AN UNKNOWN
POLICE OFFICER(S) AND/OR DETECTIVE(S) FOR THE CITY OF
PHILADELPHIA; JOHN DOE-2, AN UNKNOWN ATTORNEY(S) AND/OR POLICE
OFFICER(S) AND OR DETECTIVE FOR THE CITY OF PHILADELPHIA; JOHN
DOE-3, AN UNKNOWN ATTORNEY(S) AND/OR POLICE OFFICER(S) AND/OR
DETECTIVE(S) FOR THE OFFICE OF THE DISTRICT ATTORNEY; JOHN DOE-4,
AN UNKNOWN ATTORNEY(S) AND/OR POLICE OFFICER(S) AND/OR
DETECTIVE(S) FOR THE COMMOMWEALTH OF PENNSYLVANIA; JOHN DOE-
5, AN UNKNOWN RESIDENT; STARBUCKS, INC.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 13-cv-00039)
District Judge:  Honorable Edmund V. Ludwig

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 27, 2013

Before:  AMBRO, SHWARTZ and SCIRICA, Circuit Judges

(Opinion filed:  January 7, 2014)

## OPINION

PER CURIAM

Vamsidhar Vurimindi appeals the District Court's order denying his motion for an injunction. For the reasons below, we will affirm the District Court's order.

In January 2013, Vurimindi filed a civil rights complaint against Appellees alleging claims of bad faith, harassment, and official lawlessness. He sought to enjoin his criminal prosecution for harassment and stalking. The District Court denied his motion for a TRO, preliminary injunction, and permanent injunction, and dismissed his complaint without prejudice to his filing an amended complaint. Because the state court handling his criminal charges had found Vurimindi not competent to stand trial, the District Court placed the matter in suspense until Vurimindi was found competent. Vurimindi filed a notice of appeal.

We have jurisdiction over the District Court's denial of the injunction pursuant to 28 U.S.C. § 1292(a)(1). We review the denial of a motion for a preliminary injunction for an abuse of discretion but review the District Court's underlying legal conclusions de novo. Brown v. City of Pittsburgh, 586 F.3d 263, 268 (3d Cir. 2009).

The District Court concluded that it should abstain from interfering with Vurimindi's criminal litigation in state court under the doctrine of Younger v. Harris, 401 U.S. 37 (1971). The District Court did not err in doing so. The requirements which must

2

be met before a federal court may abstain are that there must be pending state proceedings which (1) are judicial in nature; (2) implicate important interests; and (3) afford an adequate opportunity to raise any constitutional issues. Matusow v. Trans–County Title Agency, LLC, 545 F.3d 241, 248 (3d Cir. 2008). Vurimindi's criminal proceedings are judicial in nature and implicate the important interests of protecting the victims from Vurimindi's alleged conduct. Vurimindi has not shown that he will not have an adequate opportunity to raise any constitutional issues during his proceedings. Because we agree that abstention was appropriate, we need not reach the District Court's alternative reasons for denying Vurimindi's motion for a preliminary injunction.

For the above reasons, we will affirm the District Court's order. Vurimindi's motions are denied.