The Hoopskirt Lofts Condominium : 
Association : 
                                            : 
            v. : Nos. 15-18 C.D. 2016
                                              : Nos. 157-160 C.D. 2016
Vamsidhar Vurimindi and Ann Boris : Submitted: April 7, 2017
                                              : 
Appeal of: Vamsidhar Vurimindi : 

OPINION NOT REPORTED

MEMORANDUM OPINION
**PER CURIAM**                                    FILED: October 10, 2017

Vamsidhar Vurimindi appeals *pro se* the orders of the Philadelphia County Court of Common Pleas (trial court) denying his motion to strike default judgment; petition to open default judgment; motion to stay writ of execution; motions to postpone sheriff's sale; motion for entry of supersedeas; motion to set aside sheriff's sale; and motion to appeal *nunc pro tunc*. We affirm.

In February 2008, Vurimindi and his now ex-wife, Ann Boris, purchased Condominium Unit 607 (Unit) in the Hoopskirt Factory Lofts at 309-313 Arch Street in Philadelphia. Their ownership was subject to the terms of the Declaration of Condominium (Declaration), the Rules and Regulations (Rules), and the Condominium Bylaws (Bylaws). The Declaration empowered the Executive Board (Board) of the Condominium Association (Association) to adopt an annual budget for common element expenses, which fees were to be divided equally among the unit owners and paid on a monthly basis. The Declaration also provided that unit owners could be assessed a late fee and interest for unpaid fees and that the charges

would create a lien against the unit. The Declaration also permitted the Association to take legal action against unit owners who failed to pay the fees.

Over the next four years, Vurimindi filed a number of grievances with the Association regarding a faulty elevator, a leaky roof, and excessive noise caused by his next door neighbor, Allison Borowski. In 2009, due to damage caused by the leaky roof, Vurimindi and Boris moved out of the Unit to a hotel for five weeks. Upon their return to the Unit, Vurimindi claimed that the Association failed to adequately repair the damage and sought reimbursement for their hotel expenses. Ultimately, in January 2012, Vurimindi and Boris stopped paying the fees based on their dissatisfaction with the Association's response to their grievances.[1]

On December 16, 2013, the Association filed a civil complaint against Vurimindi and Boris alleging that they owed unpaid fees and late fees totaling $7,150.00 in violation of the Declaration, Rules, and Bylaws. The Association argued that under Section 3315(a) of the Uniform Condominium Act,[2] it was

---

[1] Beginning in 2009, Vurimindi's "relations with his neighbors and local merchants became strained," which included "playing loud music, slamming doors, taping notes on doors, exchange of e-mails, angry stares, trading insults, eavesdropping, use of video surveillance and calling the police." *Vurimindi v. HSFLB Condominium Owners Association*, (E.D. Pa., Civil Action No. 13-39, filed June 21, 2013), slip op. at 1 n.3, *aff'd*, 549 Fed. Appx. 90 (3rd Cir. 2014). In 2010, 2011, and 2012, Borowski filed private criminal complaints against Vurimindi which resulted in a criminal indictment for stalking and harassment and the issuance of a restraining order. *Id.* Although Vurimindi was initially found to be mentally incompetent to stand trial, *id.* at 2, in 2014, he was ultimately convicted of the charges and sentenced to an aggregate 30- to 60-month term of imprisonment and a consecutive 30-month probationary period. *See Commonwealth v. Vurimindi*, (C.P. Phila., No. CP-51-CR-000802202012).

[2] 68 Pa. C.S. §3315(a). Section 3315(a) states, in relevant part:

> The association has a lien on a unit for any assessment levied against that unit or fines imposed against its unit owner from the time the assessment or fine becomes due. The association's lien

2

empowered to place a lien on the Unit and to initiate a foreclosure action for the unpaid fees and late fees. On January 13, 2014, the Association filed an Affidavit of Service, which stated that the complaint was served on Lieutenant J. Smith on January 9, 2014, at the Philadelphia Detention Center, where Vurimindi was being housed. The Association also served Boris with the complaint and Boris, through counsel, filed responsive pleadings.[3]

However, Vurimindi failed to file a responsive pleading to the complaint. As a result, on January 31, 2014, the Association served Vurimindi by certified mail to the Philadelphia Detention Center notice of its intent to file a praecipe to enter default judgment. On February 11, 2014, the prothonotary entered default judgment upon the Association's filing of the praecipe.

On December 9, 2014, the trial court issued an order scheduling the claims against Boris for trial and ordering that Vurimindi be transported from the State Correctional Institution at Pine Grove (SCI-Pine Grove) for the trial. On February 23, 2015, the trial court conducted a bench trial before the Honorable Ellen Ceisler at which Boris and Vurimindi testified. Vurimindi did not contest service,

---

> may be foreclosed in like manner as a mortgage on real estate. . . . Unless the declaration otherwise provides, fees, charges, late charges, fines and interest charged . . . and reasonable costs and expenses of the association, including legal fees, incurred in connection with collection of any sums due the association by the unit owner or enforcement of the provisions of the declaration, bylaws, rules or regulations against the unit owner are enforceable as assessments under this section. If an assessment is payable in installments and one or more installments is not paid when due, the entire outstanding balance of the assessment becomes effective as a lien from the due date of the delinquent installment.

[3] During this period, Vurimindi and Boris divorced and Boris was awarded exclusive possession of all marital property.

stating that he did not respond to the Association's lawsuit because he did not have sufficient access to the prison library. *See* N.T. 2/23/15[4] at 84-90.[5]

---

[4] "N.T. 2/23/15" refers to the transcript of the February 23, 2015 bench trial.

[5] Specifically, the following was stated at trial:

> THE COURT: Mr. Vurimindi, I'm Judge Ceisler. We are here today because there is an outstanding lawsuit that was filed by the [Association]. They are seeking to collect on an outstanding lien for the [Unit] that was owned by you and [Boris]. The complaint was filed. There is proof that you received the complaint. There was no answer by you or no attorney representing you, so there was a default judgment entered against you. And that's on the record at this point, and there is evidence on the record that you were served, not only with the complaint, but with the default judgment. But [Boris] had retained an attorney and had continued forward with the litigation, so we are here today dealing with the litigation. But it was decided that it would be in the best interest of everybody to have you present to at least listen and see what's going on, but the fact that you haven't retained an attorney or haven't filed any responses, the default judgment is set against you at this point. So there is not much that you can say. Frankly I don't know why – I wouldn't have had you come here at this point, but you are here so you will listen to what's going on. We'll see if I have any questions for you.
>
> [VURIMINDI]: Can I say anything?
>
> THE COURT: What do you want to say, because you don't get to present any defenses today.
>
> [VURIMINDI]: The reason that I couldn't respond, I don't have the law library access.
>
> THE COURT: That's okay. It doesn't matter. As long as you were notified. You said that he has filed certain lawsuits, this gentleman?
>
> [COUNSEL FOR THE ASSOCIATION]: Yes.
>
> THE COURT: How many lawsuits has he filed?

4

Following the trial, on March 13, 2015, Judge Ceisler entered judgment in favor of the Association, awarded damages against both Boris and Vurimindi totaling $29,506.18, and permitted the Association to sell the Unit under Section 3315(a) of the Uniform Condominium Act. On March 23, 2015, the Association filed a praecipe for a writ of execution directing the Philadelphia County Sheriff's Office to sell the Unit to satisfy the judgment. On April 16, 2015, the Association filed an affidavit that Vurimindi was served with a copy of the notice of the sheriff's sale at SCI-Pine Grove by first class mail.

On June 4, 2015, Vurimindi filed a motion to strike the default judgment, arguing that the trial court lacked personal jurisdiction because he was not served with the complaint; that the Association failed to comply with the

---

[COUNSEL FOR THE ASSOCIATION]: We know of at least four, one in Federal Court.

\* \* \*

THE COURT: []The fact is, you could have responded and represented yourself and said, I don't agree with this and this is the reason why. It would have been filed with the court.

[VURIMINDI]: I was not able to respond. I'm going – I'm giving you a reason why I could not respond. If I was being put in a position that I have not had [any] library access, and they are not giving me the right papers, and they are not giving me to meeting facilities.

THE COURT: I hear you. We are going to continue with our trial. I'm just telling you why you are here. There is a default judgment, and I'm not going to be overturning that default judgment. I have no ability to do that at this point legally.

N.T. 2/23/15 at 84-85, 89-90.

5

Pennsylvania Rules of Civil Procedure regarding the entry of default judgment; and that the Association failed to comply with Loan Interest and Protection Act (Act 6)[6] notice requirements regarding mortgage foreclosures. That same day, Vurimindi filed a separate petition to open the default judgment, alleging that: he was unaware of both the lawsuit and the entry of default judgment; he thought that Boris's attorney represented him in the action; the lack of access to the prison's law library and writing materials justified any filing delays; he had a number of meritorious defenses; the Association and its president violated the Uniform Condominium Act by dealing in bad faith and in failing to repair or maintain the Unit or the common elements; his and Boris's rights under the federal Fair Housing Act[7]; and the Fifth Amendment required a stay of this proceeding until his then-pending criminal charges were resolved or consolidation with other civil actions that he had filed. On June 29, 2015, Judge Ceisler issued an order denying the motion and the petition and Vurimindi filed appeals of those orders.[8]

On July 14, 2015, Vurimindi filed a motion to stay a writ of execution alleging that the Association became a "residential mortgage lender" subject to the provisions of Act 6 based on its authority under the Declaration, Rules, and Bylaws to collect and enforce the dues provisions; he did not receive any documents, pleadings or notices relating to the civil action filed against him; and the Association is estopped from filing the foreclosure action under the Uniform Condominium Act because it failed to maintain the roof above the Unit and excluded him despite his

---

[6] Act of January 30, 1974, P.L. 13, *as amended*, 41 P.S. §§101-605.

[7] 42 U.S.C. §§3601-3631.

[8] These appeals were filed with the Superior Court, which were transferred to this Court and are docketed at Nos. 15 C.D. 2016, 17 C.D. 2016, and 18 C.D. 2016.

membership as the Unit's owner. On July 27, 2015, the Honorable Nina Wright-Padilla denied the motion and Vurimindi filed an appeal.[9]

On July 15, 2015, Vurimindi filed a motion to postpone a sheriff's sale or for a restraining order or injunction asserting that he was not served with the notice of sale or any pleadings in the foreclosure action as required by the Pennsylvania Rules of Civil Procedure, and reasserted the allegations raised in the motion to strike the default judgment, petition to open the default judgment, motion to stay a writ of execution, and other related civil actions that he had filed.

On October 23, 2015, the trial court conducted a hearing before the Honorable Linda Carpenter on Vurimindi's motion to postpone the sheriff's sale that was scheduled for November 10, 2015. Vurimindi argued that the sheriff's sale should be postponed because he did not owe the Association any money, which is the basis of another lawsuit against the Association, and because the trial court did not have jurisdiction due to four pending appeals of the underlying matter in the Superior Court. *See* N.T. 10/23/15 at 5-7, 14-15. At the conclusion of the hearing, the trial court denied Vurimindi's motion, outlining the other methods by which he could seek the requested relief. *Id.* at 17-27.[10]

---

[9] That appeal was also filed with the Superior Court, which was transferred to this Court and is docketed at No. 16 C.D. 2015.

[10] Specifically, the trial court stated the following, in relevant part:
THE COURT: Here's what I'm going to say: Your motion to postpone is denied. If you – the sale is November 10th.
What you're really asking for, if this is on appeal, you need to ask the judge whose order it is that you're appealing from to either order a supersedeas stay or not. You need to do that with that judge.
I am not that judge. I did not have anything to do with your case. This is just here on a motion to postpone. I will not interfere with another judge's order as far as it's a supersedeas.

7

So I'm telling you – Mr. Vurimindi, what I'm telling you is – because you do have time to do this. The sheriff's sale is November 10, 2015. You need to – if you are asking for this to be stayed because there is an appeal, you need to ask the judge who entered whatever order it is that it is on [appeal to the Superior Court] for a supersedeas, that means that that's a stay of the proceedings.

But, then, that judge may or may not indicate that a bond needs to be posted while it's on appeal. Do you understand?

MR. VURIMINDI: Your Honor, the judgment (unintelligible) docket is a violation of the jurisdiction – the court does not have jurisdiction—

THE COURT: You can – you can bring all of that up in front of the judge who entered the order with regards to the judgment or the writ of execution.

But all that's in front of me – because this would've been assigned to me originally as the emergency judge or my role of sitting in motions court hearing motions to postpone foreclosure sale. When there's a judgment on the docket, there's a proper writ of execution, and that documentation is there—

MR. VURIMINDI: I don't have a notice of execution. I'm in prison—

THE COURT: Then you may file all the documentation that you need to file before that November 10th sale goes forward—

MR. VURIMINDI: I don't have a notice of sale. I don't have a notice of execution. Every—

THE COURT: You have notice of everything right now. You are on video. I'm telling you that there is a sheriff's sale. I've gone through the docket. [Counsel for the Association] has told us the date of the judgment. He's told us the date of the writ of execution.

And we have – if you believe that you wish to have this sale postponed or stayed because you have an appeal, what I am telling you and giving you notice of is you need to file a stay with the judge whose order it is, which is either Judge Ceisler, Judge Dubow, or Judge Wright-Padilla. All of them have their orders on the docket; none of them are me.

8

On November 6, 2015, Vurimindi filed another motion to postpone the sheriff's sale and for a supersedeas. Judge Wright-Padilla dismissed the motion to postpone as *res judicata* due to Judge Carpenter's October 23rd order and the Superior Court *sua sponte* quashed Vurimindi's appeal of that order because it was not a final appealable order.

In the motion, Vurimindi also sought supersedeas under Rules 1731 and 1733 of the Pennsylvania Rules of Appellate Procedure because he did not owe any money to the Association, and he was challenging the entry of default judgment and the illegal assessment of damages against him in his pending appeals of Judge Ceisler's June 29th order denying the motion to strike and the petition to open, and Judge Wright-Padilla's July 27th order denying the motion for a stay. Ultimately, on January 12, 2016, Judge Wright-Padilla also denied Vurimindi's motion for supersedeas and he appealed to this Court.[11]

On November 10, 2015, Vurimindi filed a motion to set aside the sheriff's sale prior to the Unit's actual sale. As a result, on January 12, 2016, Judge Wright-Padilla dismissed the motion as premature and Vurimindi appealed.[12]

---

So I cannot stay somebody else's judgment unless they do it because you are asking for a stay pending appeal. So you need to do that and I'm giving you notice right now that you need to do that and you cannot claim that you didn't have notice because you're getting actual notice right now from the Court telling you that this is what you need to do.

N.T. 10/23/15 at 17-22.

[11] The appeal is docketed at No. 157 C.D. 2015.

[12] The appeal is docketed at No. 160 C.D. 2015.

On November 11, 2015, the Unit was sold at a sheriff's sale to Zimolong, LLC, for $13,200.00. On December 4, 2015, Vurimindi filed a suggestion of bankruptcy, but his bankruptcy was terminated on December 22, 2015.

On December 17, 2015, Vurimindi filed a second motion to set aside the sheriff's sale alleging that the lack of service or notice and the entry of judgment prior to the sale violated: the fundamental principles of the Fifth Amendment; common law principles of contract; the Uniform Condominium Act; Act 6; the Consumer Discount Company Act[13]; the Rules of Civil Procedure; the federal Fair Housing Act; the Pennsylvania Human Relations Act[14]; the federal Religious Freedom Restoration Act of 1993 (RFRA)[15]; and the automatic stay provisions of Section 362 of the federal Bankruptcy Code.[16] On January 12, 2016, Judge Wright-Padilla issued an order denying the motion and Vurimindi appealed to this Court.[17]

Finally, on December 18, 2015, Vurimindi filed a motion to appeal *nunc pro tunc* Judge Carpenter's October 23rd order denying his motion to postpone the sheriff's sale alleging that his timely notice of appeal was rejected by the prothonotary as defective. On January 12, 2016, Judge Carpenter issued an order

---

[13] Act of April 8, 1937, P.L. 262, *as amended*, 7 P.S. §§6201-6219.

[14] Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §§951-963.

[15] 42 U.S.C. §2000bb 2000bb-4. *But see Ridley Park United Methodist Church v. Zoning Hearing Board of Ridley Park Borough*, 920 A.2d 953, 958 n.7 (Pa. Cmwlth. 2007) ("In *City of Boerne* [*v. Flores*, 521 U.S. 507, 515-16 (1997)], the United States Supreme Court invalidated RFRA as applied to states and their subdivisions because it exceeded Congress' remedial powers under the Fourteenth Amendment.").

[16] 11 U.S.C. §362.

[17] The appeal is docketed at No. 158 C.D. 2016.

denying the motion and Vurimindi appealed to this Court.[18]  On July 21, 2016, this Court *sua sponte* consolidated Vurimindi's various appeals[19] for disposition.[20]

With respect to Vurimindi's appeal of Judge Wright-Padilla's July 27, 2015 order denying his motion to stay a writ of execution, it is well settled that an appeal will only lie from a final order unless otherwise permitted by statute or rule. *See* Rule 341 of the Pennsylvania Rules of Appellate Procedure ("[A]n appeal may be taken as of right from any final order of [a] lower court.").  As the Supreme Court has explained:

> Whether or not a stay order should be considered final for appeal purposes depends to a large extent upon the practical effect and impact the stay order might have on the relief requested by the litigants.  If the effect of the stay order is tantamount to a dismissal of the cause of action or amounts to a permanent denial of relief requested, the party aggrieved should undoubtedly be afforded the opportunity to appeal on the basis that such stay order is a final disposition of some, if not all, of the rights involved.

*PhilcoCorp. v. Sunstein*, 241 A.2d 108, 109 (Pa. 1968) (footnote omitted).

In this case, Vurimindi sought to stay the execution of the Association's foreclosure action through the sale of the Unit.  In a similar case, involving a request for a stay of a sheriff's sale, the Superior Court explained:

> We note that the method for challenging a completed sheriff's sale is for the aggrieved party to file a petition to

---

[18] The appeal is docketed at No. 159 C.D. 2016.

[19] To the extent that Vurimindi raises claims on appeal that were not raised before the trial court, they are waived for purposes of appeal.  *See* Rule 302(a) of the Pennsylvania Rules of Appellate Procedure ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

[20] We precluded the Association and Boris from filing briefs in this matter for failing to comply with our March 1, 2017 order directing them to file briefs within 14 days of that order.

> set aside the sale. *See* Pa. R.C.P. [No.] 3132 (a party in interest may petition to set aside a sheriff's sale); *see also National Penn Bank v. Shaffer*, [672 A.2d 326 (Pa. Super. 1996)] (petition to set aside sheriff's mortgage foreclosure sale is based on equitable principles). An appeal properly lies from the trial court's refusal to set aside the sale. *First Eastern Bank v. Campstead*, [637 A.2d 1364 (Pa. Super. 1994)] (appeal lies from order dismissing party's exceptions to sheriff's sale and petition to set aside sale).

*Farmer's First Bank v. Wagner*, 687 A.2d 390, 392 n.3 (Pa. Super. 1997). In that case, because "the trial court's denial of [landowner's] motion for a stay neither effectively ended the litigation, nor ended the case, and it is therefore interlocutory," the court determined that the trial court's order was not appealable as of right under Rule 311 of the Pennsylvania Rules of Appellate Procedure,[21] which provides for an appeal from an order that is interlocutory in nature. *Id.* at 391-92. Likewise, because the trial court's order in this case denying Vurimindi's motion for a stay "neither effectively ended the litigation nor ended the case," it is an interlocutory order that may not be appealed under Rule 311. *Id.* Accordingly, Vurimindi's appeal of Judge Wright-Padilla's July 27, 2015 order denying his motion to stay a writ of execution will be quashed. *Farmer's First Bank*.[22]

With respect to Vurimindi's appeal of Judge Carpenter's January 12, 2016 order denying his motion to appeal *nunc pro tunc* the October 23rd order

---

[21] Pa. R.A.P. 311(a)(4) states in relevant part, that "[a]n appeal may be taken as of right" from "[a]n order that grants or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction unless the order was entered . . . pursuant to Section 3323(f) or 3505(a) of the Divorce Code, 23 Pa. C.S. §§3323(f), 3505(a)[, or] after a trial but before the entry of a final order."

[22] This Court may *sua sponte* quash an appeal from an interlocutory order. *Hartman v. Workmen's Compensation Appeal Board*, 445 A.2d 1364 (Pa. Cmwlth. 1982).

denying his motion to postpone the sheriff's sale, we note that the sheriff's sale took place on November 11, 2015, and that the Unit was sold at that sale to Zimolong, LLC, for $13,200.00.[23]  As a result, any of the requested relief cannot be granted even if Vurimindi's appeal of the October 23rd order is reinstated *nunc pro tunc*. Accordingly, the appeal of Judge Carpenter's January 12, 2016 order is moot and Vurimindi's appeal will also be quashed.[24]  *See Deutsche Bank National Company v. Butler*, 868 A.2d 574, 578-79 (Pa. Super. 2005) (holding an appeal of a successful bidder at a sheriff's sale that was set aside by the trial court was rendered moot by the subsequent sale of the property at a second sheriff's sale).[25]

Regarding Vurimindi's appeals of Judge Ceisler's June 29, 2015 order, after reviewing the record, Vurimindi's brief, and the law, we conclude that the appellate issues have been ably resolved in the thorough and well-reasoned opinion of Judge Ceisler.  Therefore, we affirm that order on the basis of the trial court's

---

[23] The website of the City of Philadelphia's Office of Property Assessment at http://property.phila.gov/?p=888058772 (last visited September 15, 2017) shows that the Unit was subsequently sold to Land Exercise LLC on March 8, 2017, for $240,000.00.

[24] "The general rule with respect to the issue of mootness is that an actual case or controversy must exist at all stages of appellate review." *Pagnotta v. Pennsylvania Interscholastic Athletic Association, Inc.*, 681 A.2d 235, 237 (Pa Cmwlth. 1996), *appeal denied*, 693 A.2d 968 (Pa. 1997).  "[W]here '[i]ntervening changes in the factual matrix of a pending case' occur which eliminate an actual controversy and make it impossible for the court to grant the requested relief, the case will be dismissed as moot." *Id.* (citation omitted).  Moreover, this Court may *sua sponte* raise the issue of mootness.  *Battiste v. Borough of East McKeesport*, 94 A.3d 418, 424 (Pa. Cmwlth. 2014).

[25] *See also Allen v. Birmingham Township*, 244 A.2d 661, 662 (Pa. 1968) (holding an appeal of township residents from the denial of their request to enjoin another landowner from removing land as an improper commercial enterprise was rendered moot by the fact that the excavation had already been completed); *Strassburger v. Philadelphia Record Co.*, 6 A.2d 922, 923 (Pa. 1939) (holding that an appeal of a stockholder from the denial of his request to restrain the holding of a corporation's annual meeting as provided in its bylaws was rendered moot by the fact that the meeting was held at the time specified in the bylaws).

opinion in the matter of *The Hoopskirt Lofts Condominium Association v. Vurimindi*, (C.P. Phila., 1973 December Term, 2013, filed February 1, 2017).

Finally, with respect to Vurimindi's appeals of Judge Wright-Padilla's January 12, 2016 orders, after reviewing the record, Vurimindi's brief, and the law, we conclude that the appellate issues have been ably resolved in the thorough and well-reasoned opinion of Judge Wright-Padilla. Therefore, we likewise affirm those orders on the basis of the trial court's opinion in the matter of *The Hoopskirts Lofts Condominium Association v. Vurimindi*, (C.P. Phila., 1973 December Term, 2013, filed March 31, 2017).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Hoopskirt Lofts Condominium  :
Association                      :
                                 :
            v.                   : Nos. 15-18 C.D. 2016
                                 : Nos. 157-160 C.D. 2016
Vamsidhar Vurimindi and Ann Boris :
                                 :
Appeal of: Vamsidhar Vurimindi   :

**PER CURIAM**

# **O R D E R**

AND NOW, this 10th day of October, 2017, the appeals of the order of the Philadelphia County Court of Common Pleas dated July 27, 2015, and the order dated January 12, 2016, denying Vamsidhar Vurimindi's motion to reinstate an appeal *nunc pro tunc* are QUASHED; the remaining orders of the Court of Common Pleas dated June 29, 2015, and January 12, 2016, are AFFIRMED.